[Civ. No. 11390.  Second Appellate District, Division One.—April 18, 1938.]

BLANCHE A. TILTON, Respondent, v. BOARD OF EDUCATION OF THE POMONA CITY HIGH SCHOOL DISTRICT et al., Appellants.

Everett W. Mattoon, County Counsel, S. V. O. Prichard and W. B. McKesson, Deputies County Counsel, for Appellants.

Raymond G. Thompson and Harold A. Ritchie for Respondent.

WHITE, J.—This is a proceeding in mandate by which the plaintiff, a permanent teacher of the Pomona City High School District in Los Angeles County, sought to compel her reinstatement after she had been involuntarily retired by the defendant board of education. After a trial of the issues, the court found and determined that the involuntary retirement was proper, but that it became operative and effected plaintiff's dismissal as of the end of the school year. The judgment of the trial court dissolved the alternative writ of mandate and denied a peremptory writ, and then provided: "That the defendant, Board of Education of the Pomona City High School District pay to plaintiff $1,800, and order a warrant drawn in her favor for that amount." From this part of the judgment, defendant board of education prosecutes this appeal.

Epitomized, the facts are that plaintiff was a permanent teacher of the Pomona City High School District. Since September 9, 1935, the defendant board of education has refused to assign her to a position as teacher or to permit her to perform services, except for the days of September 9 and 10, 1935. On the last-named date, the defendant board made and entered its order directing plaintiff's retirement from service, and notice thereof was given to her the same day. It is conceded that plaintiff's salary for the remainder of the school year would have been $1800, and this was not paid her. The record indicates that plaintiff was retired because of her physical incapacity, resulting from a defect of her hearing. No question is raised on this appeal regarding the propriety of the plaintiff's retirement, either as to her eligibility therefor, or the physical facts which necessitated such retirement, nor as to the propriety of the procedure by which she was retired; and the sole question for consideration by us is whether an involuntary retirement of an eligible employee, pursuant to the provisions of section

5.890 of the School Code, can be made at the instant the incapacity of the employee occurs, or whether the retirement must be deferred to the end of the then current school year.

The sections governing retirement and in effect at the time this case arose, and which are here involved, provide:

"Every public school teacher who shall have complied with all the requirements of this Part, and who shall have served under a legal certificate as a legally qualified teacher in public day or evening schools . . . for at least thirty school years, at least fifteen of which shall have been in the public schools of this state, including the last ten years of service immediately preceding retirement, shall be entitled to retire; or if physically or mentally incapacitated for the proper performance of the duties of teacher, may be compelled to retire by the board of education, school trustees or other school authorities employing such teacher." (School Code, sec. 5.890.)

"The retirement of any employee of a school district under the provisions of any retirement law now in effect or hereafter enacted shall automatically effect the dismissal of such employee from the employ of the district at the end of the then current school year." (School Code, sec. 5.665.)

It will be noted that the last-named section does not refer to the date when the "retirement" shall become effective, but provides that such "retirement" shall automatically effect the "dismissal" of the teacher from the employ of the district at the end of the current school year. "Dismissal" refers to the termination of the status of a permanent teacher. In other words, until such dismissal, the teacher retains his tenure and the rights incident thereto. Therefore, the question squarely presented to us for determination is whether or not the retention of such teacher until the end of the current school year carries with it the right to be given active employment from the date when the school board "retires" the teacher until the date of "dismissal" at the end of the current school year as provided for in the School Code section; and also whether the teacher must be paid his full salary for the period between the date when the school board makes its order directing the teacher's retirement and the end of the current school year.

On the authority of *Gentner* v. *Board of Education*, 219 Cal. 135 [25 Pac. (2d) 824], these questions must be deter-

mined adversely to the claims of plaintiff herein. The reasoning in that case dictates the conclusion that where, as in the instant case, the school board was justified in retiring a teacher because of physical disability to perform her duties, it became the board's duty to remove the teacher from the classroom, and she is not entitled to receive salary for the time intervening between her retirement by the board and her subsequent automatic dismissal at the end of the current school year. Such a conclusion finds support in the basic principle underlying our school system—that the welfare of the children is the paramount consideration. Also, the law does not contemplate that public funds shall be expended where no services are performed and where not only is there no duty to accept services tendered, but the welfare of the children requires that such services be dispensed with. In the absence of positive language in the section, or other statutory authority providing that the teacher should receive salary from the date the board enters its order retiring her until the end of the current school year notwithstanding she renders no service, the courts are without power to direct the school authorities to disburse to the teacher public funds.

That portion of the judgment directing the defendant board of education to pay to plaintiff $1800 and decreeing that said board order a warrant drawn in her favor for that amount is reversed. In all other respects, the judgment is affirmed.

York, P. J., and Doran, J., concurred.