PATSY E. MEACHAN v. MONTGOMERY COUNTY BOARD OF EDUCATION

No. 7919SC642

(Filed 17 June 1980)

1. Schools § 13– career teacher – medical leave of absence – granting of disability retirement benefits – resignation by implication

The granting of a career teacher's application for disability retirement benefits under the Teachers' and State Employees' Retirement System operated as an acceptance of her resignation by implication and terminated her status as a "career teacher," since a finding that her disability was "likely to be permanent" was implicit in the granting of her application for disability retirement benefits, G.S. 135-5(c), and this finding rendered her status as a disabled retiree wholly inconsistent with her former status as a "career teacher." Because plaintiff's loss of her status as a "career teacher" occurred by operation of law upon her voluntary election to accept retirement benefits, the protections of G.S. 115-142(d)(1) for a career teacher were inapplicable to plaintiff, since that statute by its express terms applies only to actions by school administrators constituting dismissal, demotion or employment on a part-time basis "without the [career teacher's] consent."

2. Schools § 13– career teacher – medical leave of absence – statutory preservation of career status – inapplicability where disability retirement benefits granted

Even if a school board's grant of plaintiff career teacher's request for a medical leave of absence for the second semester of the 1976-77 school year constituted a modification of plaintiff's contract to teach for the full 1976-77 school year, any such contractual modification and any right accruing to plaintiff because of it under G.S. 115-142(c)(5), which preserves the career

status of a career teacher who returns to her teaching position at the end of an authorized leave of absence, were superseded by the subsequent granting of plaintiff's application for disability retirement status.

**3. Estoppel § 6— allegation of estoppel not required in complaint**

Plaintiff was not required to allege estoppel to deny her status as a career teacher in her complaint when the answer raising the defense that plaintiff's acceptance of retirement benefits terminated her career status had not yet even been filed, and under G.S. 1A-1, Rule 7, she was precluded from alleging it in a responsive plea to that answer.

**4. Estoppel.§ 4.7; Schools § 13— career teacher status terminated by operation of law – estoppel of school board to deny career teacher status**

Although plaintiff's status as a "career teacher" terminated by operation of law when she was granted disability retirement status after she had received a medical leave of absence, the evidence on motion for summary judgment presented a genuine issue of material fact as to whether defendant school board is estopped from refusing to recognize plaintiff as a "career teacher" where the superintendent of schools and the finance officer for the schools, both agents of defendant board, admitted in their affidavits that they did not know at the time plaintiff talked with them concerning the possibility of disability retirement that she would in effect be resigning her position as a career teacher, and plaintiff's affidavit stated that the finance officer recommended disability retirement to her, assured her that the retirement aspect was just a formality because the State regulations provided that retirement benefits would stop automatically when she returned to work, and did not indicate that her application for retirement benefits would have any bearing on her return to work.

**5. Estoppel § 5.1; Schools § 13— estoppel of school board**

Application of the principles of estoppel to prohibit defendant county school board from refusing to recognize plaintiff as a career teacher although plaintiff's status as a career teacher was terminated by operation of law when she was granted disability retirement status would not impair the exercise of defendant's governmental powers and was therefore proper.

APPEAL by plaintiff from *Wood, Judge.* Judgment signed 27 April 1979 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 31 January 1980.

This is an appeal from an order granting summary judgment to defendant Montgomery County Board of Education in an action filed by plaintiff seeking a determination that she is and continues to be a teacher employed by the Montgomery County Board of Education and an injunction preventing defendant from treating her otherwise.

Meachan v. Board of Education

Plaintiff filed a complaint on 21 September 1977 alleging the following: She had been employed as a "career teacher" with the Montgomery County School System during the 1974-75, 1975-76, and 1976-77 school years. Effective 1 January 1977 plaintiff was granted a medical leave of absence through the remainder of 1976-77 school year. After having advised the superintendent of schools in July 1977 of her intent to return to work at the beginning of the 1977-78 school year, she reported for work in August and was advised that she had no teaching position. Plaintiff alleged that she is still a career employee of defendant and that defendant's failure to accord her the rights of a career teacher violated the provisions of G.S. 115-142. She prayed for a declaratory judgment that she "is and continues to be a teacher employed by the Montgomery County Board of Education and to enjoin said Board from treating her otherwise."

Defendant answered, admitting the plaintiff was employed as a teacher by defendant during the 1974-75, 1975-76, and portions of the 1976-77 school year, and that plaintiff had been granted a medical leave of absence. The Board raised the defense that plaintiff had, in addition to taking a medical leave of absence, applied for and obtained disability retirement status and retirement benefits effective 1 January 1977, and that at the time of filing suit plaintiff was still retired and had no automatic right to be reinstated and assigned as a classroom teacher.

The record discloses the following: In her second year of teaching at West Montgomery High School plaintiff began to experience severe headaches which caused a drastic change in her teaching performance, behavior, and personal habits. During that year plaintiff met with both the superintendent of the Montgomery County Schools and the principal of West Montgomery High School who discussed with her the problem of her poor teaching performance.

In the fall of the next academic year, 1976-77, neither plaintiff's medical condition nor her teaching performance improved. In November 1976 the superintendent of schools met with plaintiff and informed her that she would be subject to

dismissal unless she agreed to take a medical leave of absence for the remainder of the school year. At the superintendent's suggestion, plaintiff met with James B. Woodruff, finance officer of the Montgomery County Schools, who discussed with her the possibility of applying for disability retirement through the state retirement system. At that time neither Mr. Woodruff nor other school officials knew the exact effect of plaintiff's election to accept retirement benefits. Plaintiff thereafter submitted an application for disability retirement to the Teachers' and State Employees' Retirement System and also submitted a letter to the superintendent of schools requesting a medical leave of absence for the second semester of the 1976-77 academic year. On 6 December 1976 at a regularly scheduled meeting of defendant Board of Education, plaintiff's request for a medical leave of absence was granted.

On 15 February 1977 plaintiff's application for disability retirement was approved with benefits payable retroactive to 1 January 1977. Plaintiff underwent surgery for her neurological ailment during the spring of 1977, and her doctors informed the superintendent of schools in May 1977 that she would be able to return to work in August 1977. In the early summer of 1977 plaintiff reapplied for a position with the Montgomery County Schools. School officials determined that other applicants were more qualified than plaintiff, and she was not given a teaching position for the 1977-78 school year.

On 17 March 1979 defendant moved for summary judgment on the grounds that the pleadings, answers to interrogatories, admissions and depositions established as a matter of law that plaintiff had no right to employment as a career teacher after 1 January 1977. That motion was granted on 27 April 1979. From summary judgment dismissing her action, plaintiff appeals.

*Chambers, Stein, Ferguson & Becton by James C. Fuller, Jr. for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray by John G. Golding and Harvey L. Cosper, Jr. for defendant appellee.*

PARKER, Judge.

The propriety of a summary judgment in an action for a declaratory judgment is governed by the same rules applicable to other actions. *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972). Thus, the question presented on this appeal is whether defendant, the moving party, has demonstrated that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Pitts v. Pizza, Inc.,* 296 N.C. 81, 249 S.E. 2d 375 (1978).

Resolution of this question in the present case depends upon the legal effect of plaintiff's election to accept disability retirement and upon the existence of any facts which might alter that legal effect. There is no dispute that prior to 1 January 1977 plaintiff was a "career teacher" within the meaning of G.S. 115-142, known as the Tenure Act. As such, she possessed all of the rights and privileges accorded on account of such status. Plaintiff contends that the action of the School Board in refusing to reinstate her as a career teacher in August 1977 and in treating her as a new applicant denied her several of those rights. She relies upon the following provisions of G.S. 115-142:

G.S. 115-142(c)(5):

Leaves of Absence. — A career teacher who has been granted a leave of absence by a board shall maintain his career status if he returns to his teaching position at the end of the authorized leave.

G.S. 115-142(d)(1):

A career teacher shall not be subjected to the requirement of annual appointment nor shall he or she be dismissed, demoted, or employed on a part-time basis without his or her consent except [for reasons] provided in subsection (e).

The following undisputed facts in the present case are determinative of the applicability of G.S. 115-142(c)(5) and G.S. 115-142(d)(1): Plaintiff submitted her application to the Teachers' and State Employees' Retirement System on 29 November 1976 seeking disability retirement effective 1 January 1977. On 7 December 1976 she was notified by an adminis-

trative officer of the System that her application was being reviewed and would be submitted to the System's Medical Review Board for consideration. On 15 February 1977 plaintiff was further notified that her application for retirement had been approved with payment of retirement allowance effective retroactive to 1 January 1977. During the period plaintiff's application for disability retirement was pending, she had submitted a written request to John S. Jones, Superintendent of the Montgomery County Schools, requesting a medical leave of absence "as of December 31st to the end of this school year (1976-'77)," which request was granted at a regular session of the Montgomery County Board of Education on 6 December 1976.

[1] Upon these facts it is clear that defendant did not breach any statutory duty imposed by G.S. 115-142(c)(5) or G.S. 115-142(d)(1) with respect to plaintiff's status as a "career teacher." Plaintiff voluntarily elected to apply for disability retirement status. Article I of Chapter 135 of the General Statutes governs the administration of the Teachers' and State Employees' Retirement System. G.S. 135-5(c) provides that disability retirement benefits are available to any employee eligible by virtue of years of service upon a certification of the System's medical board "that such [person] is mentally or physically incapacitated for the further performance of duty, that such incapacity was incurred at the time of active employment and has been continuous thereafter, *that such incapacity is likely to be permanent,* and that such member should be retired." (emphasis added). Thus, implicit in the granting of plaintiff's application for disability retirement benefits in the present case was a finding that her disability was "likely to be permanent." This finding renders her status as a disabled retiree wholly inconsistent with her former status as a "career teacher." In the absence of any contrary legislative indication in Chapter 115, we hold that the effect of the Retirement System's determination of plaintiff's eligibility to receive disability retirement benefits was to operate as an acceptance of her resignation by implication and to terminate her status as "career teacher" by operation of law. Because plaintiff's loss of her status as a "career teacher" occurred by operation of law upon her voluntary election to accept retirement benefits, the protections of G.S. 115-

142(d)(1) are inapplicable here, since that section by its express terms applies only to *actions* by school administrators constituting dismissal, demotion, or employment on a part-time basis "without the [career teacher's] consent."

**[2]** Neither is plaintiff aided by G.S. 115-142(c)(5) which preserves the career status of a career teacher who returns to her teaching position at the end of an authorized leave of absence. It is true that plaintiff applied for and was granted a medical leave of absence by defendant for the second semester of the 1976 school year. That leave of absence, however, was granted prior to consideration and approval of her application for disability retirement. Even if it be conceded that plaintiff's request for, and the Board's grant of, that leave of absence constituted a modification of plaintiff's contract to teach for the full 1976-77 school year, we conclude that any such contractual modification and any statutory right accruing to plaintiff under G.S. 115-142(c)(5) because of it, were superseded by the grant of disability retirement status on 15 February 1977.

**[3]** Having determined that plaintiff's status as a "career teacher" terminated by operation of law, we next consider whether, upon this record, defendant may be estopped from denying plaintiff that status. Defendant contends that plaintiff is not entitled to raise the question of estoppel on appeal because she did not plead it. We disagree. Although G.S. 1A-1, Rule 8(c) requires that a party affirmatively plead estoppel, that rule applies only to responsive pleadings. Plaintiff clearly was not required to allege estoppel in her complaint when the answer raising the defense that her acceptance of retirement benefits terminated her career status had not yet even been filed, and under G.S. 1A-1, Rule 7, she was precluded from alleging it in a responsive plea to that answer.

The elements of equitable estoppel were defined by our Supreme Court in *Hawkins v. Finance Corp.* 238 N.C. 174, 77 S.E. 2d 669 (1953): "[T]he essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent

with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially." 238 N.C. at 177-178, 77 S.E. 2d at 672. *Accord, Yancey v. Watkins*, 2 N.C. App. 672, 163 S.E. 2d 625 (1968). If the evidence in a particular case raises a permissible inference that these elements exist, but there are other inferences to be drawn from the evidence to the contrary, estoppel is a question of fact for the jury to determine. *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745 (1955).

[4] Applying these principles to the present case, we conclude that there was a genuine issue of material fact as to whether defendant may be estopped from refusing to recognize plaintiff as a "career teacher." Both the superintendent of schools and the finance officer admitted in their affidavits that they did not know at the time plaintiff talked with them concerning the possibility of disability retirement that she would, in effect, be resigning her position as a career teacher. In a verified affidavit submitted in opposition to defendant's motion for summary judgment, plaintiff stated that she met with the finance officer of the Montgomery County Schools, James Woodruff, to whom the superintendent of schools had referred her in late November 1976 to discuss her options during the time she would be receiving medical help. At that meeting they discussed several options and ultimately, Woodruff recommended disability retirement: "He assured me that the retirement aspect was just a formality because the State regulations provide that the benefits stop automatically when one returns to work. He certainly did not indicate that the application, or its acceptance, would have any bearing whatsoever on my return .... Obviously, I would not have pursued disability retirement if I had any suspicion, or if I had been advised, that such would be the case." The finance officer was an agent of defendant, and he is chargeable

with knowledge of the implications of a teacher's election to apply for disability retirement benefits. Plaintiff's sworn statement is sufficient to raise the legitimate inference that the finance officer's representation was false, that it was reasonably calculated to convey the impression that plaintiff would not lose any status previously attained, and that such representation was calculated to and did induce plaintiff to act to her prejudice in electing disability retirement. Although defendant contends that plaintiff did have the means of knowledge of the truth as to the effect of her election, we do not agree that plaintiff was required to make extensive inquiry for herself after being advised that "the retirement aspect was just a formality." There is also evidence in the record that, at the time plaintiff sought to claim the benefits of career status, she continued to receive disability retirement benefits. This fact alone, however, does not defeat her claim of estoppel; rather, it is merely a factor to be considered in determining whether she is entitled to the benefits of equitable principles.

[5]  It is true that the Montgomery County Board of Education is an administrative agency of the State, G.S. 115-35, and as such is not subject to an estoppel to the same extent as a private individual or a private corporation. See, *Henderson v. Gill, Comr. of Revenue*, 229 N.C. 313, 49 S.E. 2d 754 (1948). Our Supreme Court has stated however, that "an estoppel may arise against a [governmental entity] out of a transaction in which it acted in a governmental capacity, if an estoppel is necessary to prevent loss to another, and if such estoppel will not impair the exercise of the governmental powers of the [entity]." *Washington v. McLawhorn*, 237 N.C. 449, 454, 75 S.E. 2d 402, 406 (1953). We do not find that application of principles of estoppel in the present case would impair the exercise of defendant's governmental powers.

Because of the existence of disputed issues of material fact, the judgment appealed from is reversed, and the case is remanded.

Reversed and Remanded.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.