C. C. WALKER GRADING & HAULING, INC. v. S. R. F. MANAGEMENT CORP., A/K/A SITTING ROCK MANAGEMENT CORP., AND HELEN C. STANLEY, TRUSTEE FOR THE BENEFIT OF THE CHILDREN OF JOHN DAVID STANLEY

No. 8317SC70

(Filed 17 January 1984)

1. **Rules of Civil Procedure § 15.2— affirmative defense raised at summary judgment hearing—amendment of answer**

    The trial court did not err in permitting defendant to amend her answer to include the affirmative defense of noncompliance with the general contractors' licensing requirements which had been raised for the first time in a hearing on a motion for summary judgment. G.S. 87-1.

2. **Contracts § 6.1— clearing and grading work on farm—general contractor—absence of license**

    Plaintiff was a general contractor in performing clearing and grading work required for agricultural purposes on a farm and was not entitled to recover for such work where it was not licensed as required by G.S. 87-1.

    Chief Judge VAUGHN dissents.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 18 October 1982 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 7 December 1983.

Plaintiff commenced this action on 27 January 1982 by the filing of a complaint alleging defendant's breach of a contract entered into by plaintiff and John David Stanley. Plaintiff asserted that defendant Helen C. Stanley in her capacity as trustee for the benefit of the children of John David Stanley is vested with title to real property known as Sitting Rock Farms. Plaintiff alleged that defendant S. R. F. Management Corporation, an entity headed by John David Stanley, is the agent for Helen C. Stanley, and this entity is vested with the authority to manage the premises of Sitting Rock Farms.

In her answer, defendant Helen C. Stanley alleged that plaintiff's negotiations with respect to improvements of the farm were made with S. R. F. Management Corporation and John David Stanley, and that no agency relationship existed between Helen C. Stanley and S. R. F. Management Corporation. In her amended answer, defendant alleged as a defense that at no time during the course of the improvements did plaintiff have a North Carolina

General Contractors license required by Chapter 87 of the General Statutes, and thus plaintiff is barred from recovery.

On 1 September 1982, defendant filed a motion for summary judgment. Summary judgment was granted in favor of defendant. Plaintiff appealed.

*Leigh Rodenbough for plaintiff appellant.*

*John T. Weigel, Jr. for defendant appellee.*

HILL, Judge.

[1] Plaintiff first contends that the trial court erred when it allowed defendant to amend her answer to include a defense raised for the first time in a hearing on motion for summary judgment. Five days prior to the hearing of this cause, defendant learned of the fact that plaintiff was not a licensed contractor during the time improvements were made to the farm. The court allowed defendant to amend her answer to include an additional affirmative defense of noncompliance with the licensing requirements of G.S. 87-1.

Failure to be properly licensed is an affirmative defense which normally must be specifically pleaded. G.S. 1A-1, Rule 8(c). However, "the nature of summary judgment procedure (G.S. 1A-1, Rule 56), coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment." *Barrett, Robert & Woods v. Armi,* 59 N.C. App. 134, 137-38, 296 S.E. 2d 10, 13, *disc. rev. denied,* 307 N.C. 269, 299 S.E. 2d 214 (1982), *quoting, Cooke v. Cooke,* 34 N.C. App. 124, 125, 237 S.E. 2d 323, 324, *disc. rev. denied,* 293 N.C. 740, 241 S.E. 2d 513 (1977). *Accord, Bank v. Gillespie,* 291 N.C. 303, 230 S.E. 2d 375 (1976). The trial judge properly allowed defendant's amendment to her answer to include the licensing defense.

[2] The imperative question then to be addressed is whether the plaintiff by entering into the contract to improve the farm became a general contractor within the meaning of G.S. 87-1 and was thus barred from recovery on his claim because of his failure to have the license required by Chapter 87 of the General Statutes. G.S. 87-1 defines a "general contractor" as one

. . . who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct . . . any building, highway, public utilities, grading or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more . . . .

The plaintiff contends the nature of the work it performed is not enveloped by the statutory language, nor is the purpose of G.S. 87-1 of "protect[ing] the public from incompetent builders," *Builders Supply v. Midyette*, 274 N.C. 264, 270, 162 S.E. 2d 507, 511 (1968), applicable to plaintiff's agricultural activities. We do not agree.

Plaintiff's president, in his deposition, explains that the agreement required his company

to clear it [the land], put some roads in it, and seed it. . . . I was going to clear some property for fifteen thousand dollars, grade around the edge for fifteen hundred dollars, do the contours and terracing for three thousand dollars, and plowing seeding fertilizer and lime for thirteen thousand two hundred dollars, and some culverts, for a total contract cost of thirty-three thousand dollars.

We find it very difficult to make a meaningful distinction between the work performed by the plaintiff under the agreement from the "grading or any improvement" language of G.S. 87-1. Furthermore, G.S. 87-1 specifically exempts certain activities from the applicability of the statute. Agricultural activities are not among them. The statute is equally applicable to the clearing and grading required for agricultural purposes as it is to the clearing and grading required for building purposes. One correctly stated purpose of protection from incompetent builders does not lessen purposes of protection from incompetence in the other enumerated activities of G.S. 87-1.

Plaintiff was a "general contractor" in this State within the statutory definition. Plaintiff thereby became subject to the licensing requirements of G.S. 87-10. The rule is well established in North Carolina that unless a general contractor has substantially complied with the licensing provisions of G.S. 87-10, it may not recover against the owner either under its contract or in *quantum meruit. Builders Supply v. Midyette, supra; Holland v. Walden,* 11

N.C. App. 281, 181 S.E. 2d 197, *cert. denied,* 279 N.C. 349, 182 S.E. 2d 581 (1971). The summary judgment appealed from is

Affirmed.

Judge BECTON concurs.

Chief Judge VAUGHN dissents.