JUNE G. BENNETT v. HERTFORD COUNTY BOARD OF EDUCATION

No. 836SC633

(Filed 17 July 1984)

**1. Schools § 13.2— career teacher—dismissal for physical incapacity—definition**

Under G.S. 115C-325(e)(1)e which provides for the dismissal of a career teacher for physical or mental incapacity, physical incapacity refers to a present and continuing inability to perform the duties and meet the responsibilities and physical demands customarily associated with the individual's job as a career teacher in the public schools; furthermore, the incapacity must be in effect at the time action is taken by the board of education, and the projected duration of the incapacity must be long-term or indefinite with no reasonable prospect for rapid rehabilitation.

**2. Schools § 13.2— teacher—dismissal for physical incapacity—insufficient evidence**

There was no substantial evidence which would support a finding that plaintiff was physically incapacitated at the time of her dismissal as a classroom teacher and no substantial evidence to support the conclusion that she was properly dismissed where all the evidence relating to plaintiff's poor health had as its basis a time period prior to plaintiff's return to the classroom; no evidence of record discredited her performance after her return; absenteeism after her return was not a problem; before and during plaintiff's medical leave of absence from the classroom, she took steps to correct or at least control her problems with medical treatment; and prior to returning to work, plaintiff was certified by a physician as being physically able to return to work.

Chief Judge VAUGHN dissenting.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 18 February 1983 in Superior Court, HERTFORD County. Heard in the Court of Appeals 9 April 1984.

This is a civil action in which plaintiff, a teacher, seeks reinstatement to her job and back pay for her alleged wrongful dismissal from employment with defendant.

Plaintiff was a teacher employed by the Hertford County Board of Education (hereinafter Board of Education) during the 1980-81 school year. Plaintiff had been similarly employed for several years preceding 1980-81 and was a tenured or career status teacher under the Teacher Tenure Act. This law, formerly codified at G.S. 115-142 *et seq.*, was repealed 1 July 1981 and replaced in substantially the same form by G.S. 115C-325 *et seq.*

Beginning in about 1978, plaintiff began to experience a variety of health-related problems that caused her to have a high rate of absence from her job. Included among plaintiff's complaints were spastic colon, heart damage, migraine headaches, hemorrhaging, hypoglycemia, eye trouble, various joint and bone problems, and some mental problems, notably chronic anxiety, that in turn aggravated and were aggravated by her physical ailments. Some of these ailments were confirmed by medical evidence in the record and some were not. Plaintiff received medical treatment for some of these problems but nevertheless was frequently unable to work or unable to perform some of the duties associated with her teaching position.

Due to an incident in late 1979 involving a fall in her home, plaintiff had been experiencing musculo-skeletal pain. In late summer of 1980, this pain had become more severe and caused her to miss several days of work at the beginning of the school year. On the advice of her personal physician, plaintiff sought specialized help for her problem and obtained a medical leave of absence from her job for the first part of the 1980-81 school year. Plaintiff's problems persisted and her recovery was protracted into 1981. She received corresponding extensions of her leave, finally returning to work on 6 April 1981. She worked for the remainder of the school year, approximately two months, without missing a day and apparently without experiencing any serious health problems.

On 28 April 1981, the Superintendent of the Hertford County Schools initiated proceedings under the Teacher Tenure Act seeking to dismiss plaintiff because of physical incapacity. Plaintiff requested and received a review by a panel of the Professional Review Committee on 23 July 1981. By a majority vote, the five-member committee decided that the charges of physical incapacity were true and substantiated. Accordingly, the Superintendent recommended to the Board of Education that plaintiff be dismissed. Plaintiff requested a hearing before the Board, which was held on 29 September 1981. On 12 October 1981, the Board issued its determination. The determination contained extensive findings of fact detailing plaintiff's medical and work history for the three preceding academic years. Based on those findings, the Board made the following pertinent conclusions:

2. Physical incapacity in this case doesn't mean a teacher is incapable of being in the classroom. It means a teacher can't put undivided attention on the job or preparing for and teaching students and getting along with co-workers, so that there is a continuing atmosphere condusive [sic] to learning and condusive [sic] to the well being of all involved in the learning process.

3. Despite the few weeks at the end of the 1980-81 school year, three years of past conduct and her medical history are substantial evidence that Ms. Bennett is presently physically unfit for duty.

4. The grounds for the recommendation of the Superintendent are true and substantiated.

Accordingly, the Board of Education ordered plaintiff's dismissal. Plaintiff petitioned the Superior Court for a judicial review of the Board's decision and asserted a claim under 42 U.S.C. § 1983, that the Board's action violated her constitutional due process rights. Defendant Board of Education answered denying the material allegations of the complaint and petition and seeking dismissal of the 42 U.S.C. § 1983 claim for failure to state a claim for relief. The matter was heard on 26 October 1982.

On 18 February 1983, the court entered judgment for the plaintiff, reversing the defendant Board's order of dismissal, and directing that plaintiff be reinstated to her job with back pay. Defendant appealed.

*Chambers, Ferguson, Watt, Wallas, Adkins and Fuller, by James C. Fuller, Jr., for plaintiff appellee.*

*Revelle, Burleson, Lee and Revelle, by L. Frank Burleson, Jr., for defendant-appellant.*

EAGLES, Judge.

I

In its 18 February 1983 judgment the Superior Court stated that it had applied the "whole record" test in reviewing the evidence before the Board of Education and reversing the Board's decision. Judicial review of decisions of local Boards of Education

is pursuant to the Administrative Procedure Act, G.S. 150A-1 *et seq.*, which allows a court to reverse or modify an agency decision "if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are: . . . (5) Unsupported by substantial evidence . . . in view of the entire record as submitted; . . ." G.S. 150A-51(5). *See also Faulkner v. New Bern-Craven County Board of Education,* 311 N.C. 42, 316 S.E. 2d 281 (1984). As distinguished from the "any competent evidence" test and a *de novo* review, the "whole record" test "gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence." *Overton v. Board of Education,* 304 N.C. 312 at 322, 283 S.E. 2d 495 at 501 (1981). *See also Thompson v. Board of Education,* 292 N.C. 406, 233 S.E. 2d 538 (1977); *Goodwin v. Goldsboro City Board of Education,* 67 N.C. App. 243, 312 S.E. 2d 892 (1984).

The task before the trial court, then, was to consider all of the evidence to determine whether the Board's findings as to plaintiff's physical incapacity were supported by substantial evidence.

## II

The sole basis of plaintiff's dismissal, according to the record, was physical incapacity. G.S. 115C-325(e)(1)e provides for the dismissal of a career teacher for "physical or mental incapacity." However, physical incapacity as it relates to teacher dismissal is not defined in the applicable law, either as formerly codified or in its present rewritten form, or in the case law of this jurisdiction. The closest analogous situation is to be found in the Teachers' and State Employees' Retirement Act (SERA), G.S. 135-1 *et seq.* G.S. 135-5(c) deals with the eligibility of members of the retirement system for disability retirement benefits. It provides that under certain conditions qualified members may receive a disability retirement allowance if "the medical board, after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for further performance of duty. . . ." In *Meachan v. Board of Education,* 47 N.C. App. 271, 267 S.E. 2d 349 (1980), *later appealed sub nom. Meachan v. Board of Education,* 59 N.C. App. 381, 297 S.E. 2d 192 (1982), *rev. denied,* 307 N.C. 577, 299 S.E. 2d 651 (1983), we applied this language in

the context of a career teacher. The plaintiff in *Meachan* suffered from a neurological disorder that affected her teaching performance. Rather than face dismissal proceedings, plaintiff elected to take a medical leave of absence on the advice of the school superintendent. Also on the advice of the superintendent, plaintiff applied for and was granted a disability retirement allowance under SERA. Plaintiff subsequently underwent corrective surgery and was able to return to work the next school year. We held in *Meachan* that a finding of eligibility for disability benefits under SERA was "wholly inconsistent" with one's former status as a career teacher because it implied a finding that the disability was "likely to be permanent." *Id.* at 276, 267 S.E. 2d at 352.

Turning to other areas of law, we find that physical incapacity or disability under our Workers' Compensation law is defined in terms of an individual's capacity to earn wages by his or her work. *E.g., Wood v. J. P. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979); *Robinson v. J. P. Stevens & Co.*, 57 N.C. App. 619, 292 S.E. 2d 144 (1982); G.S. 97-2(9). Where there is an incapacity of an individual that affects his or her availability for work, the incapacity must be operating at the time employment is refused or denied on the basis of unavailability. *See* G.S. 96-13 (availability for employment under Employment Security law).

[1] We hold that physical incapacity under G.S. 115C-325(e)(1)e refers to a present and continuing inability to perform the duties and meet the responsibilities and physical demands customarily associated with the individual's job as a career teacher in the public schools. The incapacity must be in effect at the time action is taken by the Board of Education. The projected duration of the incapacity must be long term or indefinite with no reasonable prospect for rapid rehabilitation. This interpretation of physical incapacity is consistent with the interpretations of similar laws in other jurisdictions. *E.g., Tilton v. Board of Education*, 25 Cal. App. 2d 746, 78 P. 2d 474 (1938); *Gould v. Board of Education*, 32 Ill. App. 808, 336 N.E. 2d 69 (1975); *Smith v. Board of Education*, 293 N.W. 2d 221 (Iowa, 1980). We believe this interpretation is consistent also with the purpose of the Act, as explained by Chief Justice Sharp, "to provide teachers of proven ability for the children of this State by protecting such teachers from dismissal

for political, personal, arbitrary or discriminatory reasons."
*Taylor v. Crisp,* 286 N.C. 488 at 496, 212 S.E. 2d 381 at 386 (1975).

III

[2]   Our review of the whole record here discloses no substantial
evidence of plaintiff's then-existing or continuing physical in-
capacity to perform her job. At most, the record shows that plain-
tiff had previously had various health problems that were serious
enough to cause her to be absent frequently and to miss much of
the 1980-81 school year on a medical leave of absence. Before and
during her leave, plaintiff took steps, with varying degrees of suc-
cess, to correct or at least control her problems with medical
treatment. Prior to returning to work, she was certified by a
physician as being physically able to return to work. There is no
indication that plaintiff's performance upon her return to work
was less than satisfactory, and her attendance was perfect. In
summary, there is no substantial evidence that will support a
finding that plaintiff was physically incapacitated at the time of
her dismissal and no substantial evidence to support the conclu-
sion that she was properly dismissed.

All evidence relating to plaintiff's poor health has as its basis
a time period prior to plaintiff's return to the classroom in April
1981. No evidence of record discredits her performance after her
return. Absenteeism after her return was not a problem. There
is, when the whole record is considered, no rational basis upon
which the board could conclude, as it did, that at the time of the
dismissal proceeding plaintiff was "presently physically unfit."

Although in an appropriate case, i.e., where properly
charged, a career teacher may be dismissed under G.S. 115C-
325(e)(1) for "inadequate performance," "neglect of duty," and
other performance-related reasons, the charge in this dismissal
proceeding against this plaintiff was "physical incapacity." De-
fendant takes the position that plaintiff's physical and health
problems had adversely affected her past performance as a
classroom teacher and that her past conduct and medical history
constitute substantial evidence of her present unfitness for the
job. We disagree. While physical incapacity may adversely affect
a teacher's job performance, the concepts are nevertheless inde-
pendent and it does not necessarily follow, as defendant urges
here, that poor performance will always accompany less than

perfect health. Although past performance as a teacher provides some indication of what performance may be expected from the same individual in the future, the same is not necessarily so with respect to past health conditions, especially in view of indications, as here, that past health problems have been alleviated if not cured. *See Gould v. Board of Education, supra.*

The judgment of the trial court is

Affirmed.

Judge BRASWELL concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

In compliance with Rule 16, North Carolina Rules of Appellate Procedure 2d, *Walker Grading and Hauling v. S.R.F. Management Corp.,* 311 N.C. 170 (1984), reversing the decision in the same case reported in 66 N.C. App. 170, 310 S.E. 2d 615 (1984), I state the issue upon which there is a division in this court. It is whether the trial judge erred when he reversed the Board of Education.

Among the several reasons why I consider the decision to be in error is that, in my judgment, the trial judge failed to give appropriate consideration to the evidence that supports the decision of the Board as well as that which detracts. When the evidence that supports the decision is considered, the decision of the Board has a rational basis in fact. Whether the Board's decision has a rational basis in fact is the only question presented on appeal.