PISGAH OIL COMPANY, INC., Petitioner-appellant v. WESTERN NORTH CAROLINA REGIONAL AIR POLLUTION CONTROL AGENCY, Respondent-appellee

No. COA99-910

(Filed 1 August 2000)

### 1. Administrative Law— agency decision—whole record test

The trial court properly applied the whole record test and its determination that respondent-Agency's decision to uphold a fine against petitioner for $5,000 for failure to utilize the required vapor recovery equipment on a tanker truck while unloading fuel was not arbitrary and capricious based on its consideration of the factors in N.C.G.S. § 143-215.112(d)(1a), including the degree and extent of harm caused by the violation, the cost of rectifying the damage, and the amount of money the violator saved by not having made the necessary expenditures to comply with the appropriate pollution control requirements.

## 2. Appeal and Error— preservation of issues—failure to cite authority

Although petitioner contends the trial court erred in affirming respondent-Agency's decision to uphold a fine against petitioner for $5,000 for failure to utilize the required vapor recovery equipment on a tanker truck while unloading fuel based on an alleged failure to hold an adequate evidentiary hearing and failure to prepare an adequate record for judicial review, petitioner has abandoned this assignment of error since it offered no legal authority to substantiate these contentions, and in any event, the trial court was provided sufficient information to review the Agency's decision.

## 3. Administrative Law— agency decision—civil penalty— statutory factors

The trial court did not err in finding that respondent-Agency had discretion under N.C.G.S. § 143-215.112(d)(1a) to levy a civil penalty against petitioner for $5,000 for failure to utilize the required vapor recovery equipment on a tanker truck while unloading fuel, because: (1) the Agency was informed as to each of the three statutory factors in making its decision to access the fine; and (2) although petitioner contends the trial court made insufficient findings, the trial court need not explain the reasons for affirming the administrative ruling.

Appeal by petitioner from order entered 7 May 1999 by Judge Dennis J. Winner in Haywood County Superior Court. Heard in the Court of Appeals 11 May 2000.

*Patrick U. Smathers, P.A., by Patrick U. Smathers, for petitioner-appellant.*

*Siemens Law Office, P.A., by Jim Siemens, for respondent-appellee.*

McGEE, Judge.

The Western North Carolina Regional Air Pollution Control Agency (the Agency) is an administrative agency established pursuant to N.C. Gen. Stat. § 143-215.112 (1999) as a local air pollution control program. Mike Matthews (Matthews), an inspector for the Agency, observed David Bylko (Bylko), an employee of Pisgah Oil Company, Inc. (petitioner), unload fuel from his tanker truck into two

storage tanks at the Bethel Grocery store in Waynesville, North Carolina on 8 August 1998. Matthews observed that Bylko was not utilizing required vapor recovery equipment on his tanker truck while unloading fuel, in violation of the air quality rules and regulations adopted by the Agency's board. When Matthews approached Bylko to question him, Bylko admitted that he had not been using the equipment. However, Bylko had started filling the second tank only a few minutes before Matthews spoke to him, and Bylko immediately attached the vapor recovery equipment before continuing to fill the second tank.

The Agency informed petitioner in a letter dated 14 August 1998 that a fine of $7,500, consisting of $5,000 for the first tank and $2,500 for the second, had been assessed for the violation. Petitioner asked Bylko to resign from his position, and he complied. Petitioner timely appealed the penalty for the reasons that: this was petitioner's first offense; the financial burden that such a large sum would place upon petitioner, which is a small company compared to its competitors, was unfair; and petitioner's management had a "continued commitment to comply with all pertinent regulations." The Agency removed the $2,500 fine on 26 October 1998 as to the second tank while upholding the $5,000 fine for the first tank.

Petitioner filed a petition for judicial review in Haywood County Superior Court on 20 November 1998. The petition refers to N.C.G.S. § 143-215.112(d)(1a), which provides three factors for consideration in determining the amount of the penalty. The petition further states that:

> Petitioner excepts to the decision of the [Agency] determining a fine of $5,000.00 in that [the Agency] did not consider the foregoing factors and the decision of [the Agency] was unsupported by substantial evidence and/or was arbitrary and capricious, and/or was an unlawful deprivation of Petitioner's rights to due process pursuant to both the North Carolina and United States Constitution[s].

The petition filed by petitioner was heard on 3 May 1999. The trial court stated that it considered the petition, the response to the petition, and the record of the proceedings submitted by the Agency in entering its order on 7 May 1999 affirming the fine of $5,000. In its order, the trial court found that petitioner had admitted the violations for which penalties were levied by the Agency, and the Agency had the discretion to levy civil penalties for violations pursuant

to N.C.G.S. § 143-215.112(d)(1a). Petitioner filed timely notice of appeal.

[1] In its brief, petitioner first argues the trial court erred in affirming a fine that was "arbitrary and capricious" where respondent did not consider the statutory factors of N.C.G.S. § 143-215.112(d)(1a) in determining the amount of the penalty assessed. The proper standard for the superior court's judicial review "depends upon the particular issues presented on appeal." *Amanini v. N.C. Dep't of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994). When the petitioner "questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the 'whole record' test." *In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993). *See also Associated Mechanical Contractors v. Payne*, 342 N.C. 825, 467 S.E.2d 398 (1996) (concluding that the proper standard of review of agency decisions to determine the sufficiency of the evidence is the "whole record" test). "The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.' " *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118.

As to appellate review of a superior court order regarding an agency decision, "the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Id.* at 675, 443 S.E.2d at 118-19 (citation omitted). " 'As distinguished from the "any competent evidence" test and a *de novo* review, the "whole record" test "gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence." ' " *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706-07, 483 S.E.2d 388, 392 (1997); *Bennett v. Bd. of Education*, 69 N.C. App. 615, 618, 317 S.E.2d 912, 915, *cert. denied*, 312 N.C. 81, 321 S.E.2d 893 (1984) (quoting *Overton v. Board of Education*, 304 N.C. 312, 322, 283 S.E.2d 495, 501 (1981)).

First, it appears from the record that the trial court exercised the appropriate scope of review in its order. The order states that the trial court had considered "the Petition filed by the Petitioner, the Response to the Petition and the Record of Proceedings submitted by the Agency[.]" Therefore, the trial court employed the whole record test as it "examine[d] all competent evidence (the 'whole record') in

order to determine whether the agency decision [was] supported by 'substantial evidence.' " *See Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118.

Second, we find the trial court properly applied the whole record test. There is sufficient evidence in the record to show the Agency considered the appropriate factors in N.C.G.S. § 143-215.112(d)(1a) in levying the $5,000 fine against petitioner. The factors to be considered are "the degree and extent of harm caused by the violation, the cost of rectifying the damage, and the amount of money the violator saved by not having made the necessary expenditures to comply with the appropriate pollution control requirements." N.C.G.S. § 143-215.112(d)(1a). The Agency may then assess "a penalty not to exceed ten thousand dollars ($10,000) per day for so long as the violation continues." *Id.*

The Agency's reasons for assessing the $5,000 fine were set forth in the minutes of its 14 September 1998 Agency board meeting:

> Mr. Patrick Smathers, a representative of [petitioner] . . . talked about the history of Pisgah Oil Company and . . . said the company did not dispute that the driver did not use his Stage I Vapor Recovery lines and read a statement from the driver stating his negligence. Mr. Smathers said the driver has since submitted his resignation. Mr. Hampton [the general manager] explained to the Board the training process given by the company to their drivers. Mr. Hampton also said the company was under the "mercy of the employee" when something like this happens. Mr. Mike Matthews . . . explained what he found on August 7, 1998. . . . Mr. Queen [of the Board] asked how [petitioner] was going to handle a situation like this in the future. Mr. Hampton said he was going to train better and monitor much closer. Mr. Queen said he questioned the violation of the second tank of $2,500.00 because Mr. Matthews caught [Bylko] in the first few minutes of unloading gasoline.

Clearly "the degree and extent of harm caused by the violation" was considered when the Agency's board reduced petitioner's fine by $2,500 on the ground that the violation had ceased early in the process of filling the second tank. Second, while obviously the damage in this case could not be rectified after the vapors escaped into the atmosphere, the cost of rectifying the situation was addressed when the general manager for petitioner explained that he would improve training and monitoring in the future. Finally, "the amount of

money the violator saved by not having made the necessary expenditures to comply with the appropriate pollution control requirements" was answered when petitioner explained in its 4 September 1998 letter to the Agency that its truck was already equipped with the proper vapor recovery devices; therefore petitioner had not saved any money through non-compliance.

The record demonstrates the Agency was informed as to each of the statutory factors in making its decision to assess petitioner's $5,000 fine, and the amount was one-half of a maximum daily assessment for ongoing violations under the statute. N.C.G.S. § 143-215.112(d)(1a). Moreover, our Court may not weigh the evidence that was presented to the Agency and substitute our evaluation of the evidence for that of the Agency. *See In re Appeal of AMP, Inc.*, 287 N.C. 547, 562, 215 S.E.2d 752, 761 (1975); *In re Appeal of Phillip Morris*, 130 N.C. App. 529, 539, —— S.E.2d ——, —— (1998). We therefore reject petitioner's first argument that the trial court erred in affirming the $5,000 fine in that the fine was not the product of an "arbitrary and capricious" decision by the Agency.

[2] Petitioner's second argument is that the trial court erred in affirming respondent's decision "because the respondent did not hold an adequate evidentiary hearing, make the necessary findings and conclusions[,] nor prepare an adequate record for judicial review." For support, petitioner provides the single quotation from *Taborn v. Hammonds*, 83 N.C. App. 461, 466, 350 S.E.2d 880, 883 (1986), *rev'd*, 324 N.C. 546, 556, 380 S.E.2d 513, 519 (1989), that "a reviewing court must be able to determine what factors were used to reach an administrative decision as well as whether said decision was arbitrary, capricious, an abuse of discretion, or not in accordance with law." However, our Supreme Court in the same case held that simply stating a basis for a decision sufficed as an adequate explanation by a school board such that its decision had a "rational basis," and that requiring more extensive consideration would cause appellate courts to interfere with the discretion of local boards of education. *Taborn v. Hammonds*, 324 N.C. 546, 557-58, 380 S.E.2d 513, 519-20 (1989). Petitioner also contends that the hearing at which the Agency decided to reduce petitioner's fine was "not a formal evidentiary hearing in which examination and cross-examination of witnesses['] sworn testimony took place[,]" and that the record of the hearing was not complete because the minutes were "not verbatim." Petitioner offers no legal authority to substantiate these contentions within its argument, and therefore we reject the argument. *See Byrne v.*

*Bordeaux*, 85 N.C. App. 262, 354 S.E.2d 277 (1987) (where plaintiff failed to cite authority in support of assignment of error, such assignment is deemed abandoned).

In any event, we believe the trial court was provided sufficient information to review the decision of the Agency. As previously stated, the trial court's order states that the trial court had considered "the Petition filed by the Petitioner, the Response to the Petition and the Record of Proceedings submitted by the Agency[.]" We have already determined the Agency's decision was supported by substantial evidence. The facts in this matter were not contested and we have determined the $5,000 fine was not the result of an arbitrary or capricious decision by the Agency. We fail to see how petitioner was prejudiced by the Agency not preparing what petitioner contends is an "adequate record for judicial review."

[3] In its third argument, petitioner contends the trial court erred "in finding [solely] that the respondent had discretion pursuant to N.C.G.S. § 143-215.112(d)(1a) to levy the civil penalty." Petitioner sets out the procedure for judicial review of the Agency decision, and then states that the trial court "cannot merely contend that the Respondent has discretion to levy civil penalties without further findings of fact." Petitioner acknowledges that the Agency "does have some discretion to decide certain aspects, such as, what weight to give each factor, how to decide to calculate each factor and how those decisions will translate into a dollar amount for a penalty." However, according to petitioner "there is no discretion in whether or not to use the three factors in determining the amount of civil penalties." We have already determined that the Agency was informed as to each of the three statutory factors in making its decision to assess petitioner's $5,000 fine. Insofar as petitioner argues the trial court made insufficient findings, we disagree. *See Area Mental Health Authority v. Speed*, 69 N.C. App. 247, 250, 317 S.E.2d 22, *cert. denied*, 312 N.C. 81, 321 S.E.2d 893 (1984) (stating the trial court need not explain the reasons for affirming the administrative ruling). The trial court did not err in affirming the fine assessed by the Agency against petitioner.

Affirmed.

Judges WALKER and HUNTER concur.