IN THE SUPREME COURT OF NORTH CAROLINA

No. 424A21

Filed 16 June 2023

JOSEPH CRYAN, SAMUEL CRYAN, KERRY HELTON, THOMAS HOLE, RICKEY HUFFMAN, JOSEPH PEREZ, JOSHUA SIZEMORE, DUSTIN SPRINKLE, and MICHAEL TAYLOR

v.

NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA, YOUNG MEN'S CHRISTIAN ASSOCIATION OF NORTHWEST NORTH CAROLINA d/b/a KERNERSVILLE FAMILY YMCA, and MICHAEL TODD PEGRAM

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 280 N.C. App. 309 (2021), allowing defendant's petition for writ of certiorari, and vacating and remanding an order entered on 22 July 2020 by Judge Richard S. Gottlieb in Superior Court, Forsyth County. Heard in the Supreme Court on 25 April 2023.

*Lanier Law Group, P.A., by Donald S. Higley II, Robert O. Jenkins, and Lisa Lanier, for plaintiffs-appellants.*

*Nelson Mullins Riley & Scarborough LLP, by Lorin J. Lapidus, G. Gray Wilson, Denise M. Gunter, and Martin M. Warf; and Bell, Davis & Pitt, P.A., by Kevin G. Williams, for defendant-appellee YMCA of Northwest North Carolina.*

DIETZ, Justice.

This appeal from a divided Court of Appeals decision presents an opportunity to reaffirm two settled principles of appellate procedure.

The first principle concerns the writ of certiorari, an extraordinary writ used

to aid an appellate court's jurisdiction. When contemplating whether to issue a writ of certiorari, our state's appellate courts must consider a two-factor test. That test examines (1) the likelihood that the case has merit or that error was committed below and (2) whether there are extraordinary circumstances that justify issuing the writ.

The second principle concerns appeals to this Court based on a dissent at the Court of Appeals. To confer appellate jurisdiction, a Court of Appeals dissent must specifically set out the basis for the dissent—meaning the reasoning for the disagreement with the majority. A dissent that does not contain any reasoning on an issue cannot confer jurisdiction over that issue.

Applying these principles here, we hold that the Court of Appeals was well within its sound discretion to issue a writ of certiorari in this case. We further hold that the issuance of the writ of certiorari was the only issue for which the dissent set out any reasoning. We therefore decline to address the remaining issues contained in the plaintiffs' new brief.

**Facts and Procedural History**

On 26 June 2019, Defendant Michael Todd Pegram pleaded guilty to multiple charges of felony sexual assault. Pegram committed these crimes while he was employed by Defendant Young Men's Christian Association of Northwest North Carolina d/b/a Kernersville Family YMCA (the YMCA).

After Pegram's criminal case concluded, a group of plaintiffs brought a tort suit against Pegram and other parties, including the YMCA.

Plaintiffs' claims depend on a law known as the SAFE Child Act. *See* An Act to Protect Children from Sexual Abuse and to Strengthen and Modernize Sexual Assault Laws, S.L. 2019-245, 2019 N.C. Sess. Laws 1231. Plaintiffs acknowledge that their sexual abuse allegations occurred decades ago and that their claims would be barred by statutes of limitations in effect before enactment of the SAFE Child Act. But they assert that the SAFE Child Act revived their claims many years after the existing statute of limitations otherwise would have expired.

The YMCA moved to dismiss plaintiffs' claims under Rule 12(b)(6) of the Rules of Civil Procedure on the ground that the SAFE Child Act's revival of the statute of limitations violated the North Carolina Constitution. Importantly, the YMCA argued that the SAFE Child Act was unconstitutional only as applied to defendants for whom the statute of limitations already had expired. The YMCA contends that there is another category of defendants impacted by the act—those with unexpired statutes of limitations—and that the act is permissible with respect to those defendants because extending an unexpired limitations period (as opposed to an expired one) is not unconstitutional.

Plaintiffs rejected this dichotomy and asserted that the YMCA's claim was a facial challenge to the SAFE Child Act. They moved to transfer the claim to a three-judge panel of superior court judges under N.C.G.S. § 1-267.1, which applies to "claims challenging the facial validity of an act of the General Assembly."

After a hearing, the trial court determined that the YMCA's motion asserted a

facial challenge and entered an order transferring the issue to a three-judge panel.

The YMCA filed a timely notice of appeal to the Court of Appeals. Plaintiffs then moved to dismiss the appeal, asserting that it was impermissibly interlocutory. In response, the YMCA filed a petition for a writ of certiorari.

The Court of Appeals issued a divided decision. *Cryan v. Nat'l Council of YMCAs of the U.S.*, 280 N.C. App. 309 (2021). The court unanimously concluded that the YMCA had no right to appeal from the trial court's interlocutory order transferring the case to a three-judge panel. *Id.* at 315. But the majority chose to exercise its discretion to issue a writ of certiorari. *Id.* at 315–16. The majority then examined the merits of the parties' arguments and held that the YMCA had asserted an as-applied challenge. *Id.* at 317–18. As a result, the majority vacated the transfer order and remanded the case to the trial court for further proceedings. *Id.* at 318.

The dissent argued that it was improper to issue a writ of certiorari and described in detail a series of reasons why issuing a writ in these circumstances undermines the intent of the General Assembly, improperly shifts trial court responsibilities to the appellate courts, and encourages procedural gamesmanship by the litigants. *Id.* at 319–21 (Carpenter, J., dissenting).

Plaintiffs timely filed a notice of appeal to this Court based on the dissent. Plaintiffs did not petition for discretionary review of any additional issues not addressed by the dissent.

## Analysis

### I.     The writ of certiorari

We begin by addressing the issue expressly set out in the Court of Appeals dissent: whether it was appropriate to issue a writ of certiorari to review the trial court's order.

The writ of certiorari is one of the "prerogative" writs that the Court of Appeals may issue in aid of its own jurisdiction. N.C.G.S. § 7A-32(c) (2021). It "is intended as an extraordinary remedial writ to correct errors of law." *Button v. Level Four Orthotics & Prosthetics, Inc.*, 380 N.C. 459, 465 (2022) (cleaned up).

The procedure governing writs of certiorari is found in Rule 21 of the Rules of Appellate Procedure. But "Rule 21 does not prevent the Court of Appeals from issuing writs of certiorari or have any bearing upon the decision as to whether a writ of certiorari should be issued." *State v. Killette*, 381 N.C. 686, 691 (2022). Instead, the decision to issue a writ is governed solely by statute and by common law. *Id.*

Our precedent establishes a two-factor test to assess whether certiorari review by an appellate court is appropriate. First, a writ of certiorari should issue only if the petitioner can show "merit or that error was probably committed below." *State v. Ricks*, 378 N.C. 737, 741 (2021); *State v. Grundler*, 251 N.C. 177, 189 (1959). This step weighs the likelihood that there was some error of law in the case. *Button*, 380 N.C. at 465–66.

Second, a writ of certiorari should issue only if there are "extraordinary

circumstances" to justify it. *Moore v. Moody*, 304 N.C. 719, 720 (1982). We require extraordinary circumstances because a writ of certiorari "is not intended as a substitute for a notice of appeal." *Ricks*, 378 N.C. at 741. If courts issued writs of certiorari solely on the showing of some error below, it would "render meaningless the rules governing the time and manner of noticing appeals." *Id.*

There is no fixed list of "extraordinary circumstances" that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or "wide-reaching issues of justice and liberty at stake." *Doe v. City of Charlotte*, 273 N.C. App. 10, 23 (2020).

Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court. *Ricks*, 378 N.C. at 740. Thus, when the Court of Appeals issues a writ of certiorari, we review solely for abuse of discretion, examining whether the decision was "manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *State v. Locklear*, 331 N.C. 239, 248 (1992) (cleaned up); *see also Ricks*, 378 N.C. at 740.

Applying this framework here, the Court of Appeals' decision to issue a writ of certiorari was well within the court's sound discretion. With respect to the merit factor, the court examined the parties' arguments and determined that the YMCA's argument had merit. *Cryan v. Nat'l Council of YMCAs of the U.S.*, 280 N.C. App. 309, 318 (2021). With respect to the extraordinary circumstances factor, the court determined that certiorari review was appropriate in the interest of "judicial

economy." *Id.* at 315–16. The court observed that the appeal raised a recurring issue concerning "a relatively new statutory scheme which has limited jurisprudence surrounding it." *Id.* at 316. The court also noted that the question on appeal involved the trial court's "subject-matter jurisdiction," which potentially deprives the trial court of any power to rule in the case. *Id.* at 314–15. Although the Court of Appeals did not expressly state the follow-on point, this outcome could lead to a considerable waste of judicial resources if a trial court works through a complicated, novel constitutional issue only for that work to later be declared a nullity.

In short, the Court of Appeals' reasoning readily satisfies the abuse of discretion standard. The court explained its reasoning, which tracked the two-factor test established in our case law. That reasoning was not manifestly arbitrary. Thus, our review goes no further and we affirm the Court of Appeals' issuance of the writ of certiorari.

## II.     The scope of review based on the dissent

We now turn to whether there is anything else for us to address in this appeal. Our jurisdiction in this case is based solely on the dissent in the Court of Appeals. *See* N.C.G.S. § 7A-30(2) (2021). Rule 16(b) of the Rules of Appellate Procedure states that, when we have jurisdiction based solely on a dissent, our review "is limited to a consideration of those issues that are (1) specifically set out in the dissenting opinion as the basis for that dissent." N.C. R. App. P. 16(b).

Many years ago, this Court held that Rule 16(b) required dissenting judges to

explain their reasoning in order to confer jurisdiction on this Court. *C.C. Walker Grading & Hauling, Inc. v. S.R.F. Mgmt. Corp.*, 311 N.C. 170, 176 (1984). In that case, the Court of Appeals opinion stated at its conclusion that "Chief Judge VAUGHN dissents." *C.C. Walker Grading & Hauling, Inc. v. S.R.F. Mgmt. Corp.*, 66 N.C. App. 170, 173 (1984). We held that this was insufficient to confer jurisdiction on this Court because when "the dissenter does not set out the issues upon which he bases his disagreement with the majority, the appellant has no issue properly before this Court." *C.C. Walker Grading & Hauling*, 311 N.C. at 176.

In their new brief to this Court, plaintiffs challenge two separate issues from the Court of Appeals opinion: first, the majority's decision to issue the writ of certiorari, and second, the majority's determination that the YMCA asserted an as-applied constitutional challenge (not a facial challenge) to the SAFE Child Act.

The dissenting judge set out in detail the reasons why he opposed the first of those two decisions by the majority. In several pages of thorough analysis, the dissent asserted that issuing a writ undermines the intent of the General Assembly, improperly shifts trial court responsibilities to the appellate courts, and encourages procedural gamesmanship by the litigants. *Cryan*, 280 N.C. App. at 319–21 (Carpenter, J., dissenting).

By contrast, the dissent did not expressly oppose the majority's second decision—the determination that the YMCA raised an as-applied challenge—or provide any explanation for why that decision was wrong. Plaintiffs point to a single

sentence at the conclusion of the dissent, after several pages of reasoning on the certiorari issue, in which the dissent states the following: "Because I would determine jurisdiction to decide the constitutional issue is proper before the three-judge panel in Wake County, I would deny Defendant's petition for writ of certiorari." *Id.* at 321.

This single sentence is insufficient to confer jurisdiction over the issue of whether the YMCA's claim is a facial or an as-applied challenge. Plaintiffs contend that, because the dissent stated that jurisdiction "is proper before the three-judge panel," and because this statement could be true only if the YMCA's claim were a facial challenge, the dissent necessarily disagreed with the majority's determination that the YMCA's claim was an as-applied challenge.

But that is all inference. The dissent did not say that. If this sort of vague, implied disagreement with the majority's decision—one in which the dissenting judge provided no reasoning—could be sufficient to confer jurisdiction on this Court, so too would a judge in a single-issue appeal stating, "I dissent." As noted above, this Court has long rejected the notion that this sort of statement, without providing any reasoning, satisfies Rule 16(b)'s requirement to "specifically set out in the dissenting opinion" the "basis for that dissent." N.C. R. App. P. 16(b); *C.C. Walker Grading & Hauling*, 311 N.C. at 176. Consistent with Rule 16 and this Court's precedent, we hold that dissenting judges must set out their reasoning on an issue in the dissent in order for the dissent to confer appellate jurisdiction over that issue under N.C.G.S. § 7A-30(2). That did not occur here and, accordingly, we decline to address the second

issue raised in plaintiffs' new brief.

## Conclusion

We affirm the decision of the Court of Appeals.

AFFIRMED.