WILLIAM T. FIKE, JR., PETITIONER v. BOARD OF TRUSTEES, TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT

No. 8010SC1119

(Filed 7 July 1981)

**Estoppel § 4.7; Retirement System § 5— disability retirement benefits—equitable estoppel—sufficiency of evidence**

Defendant was estopped from denying plaintiff disability retirement benefits where plaintiff relied on defendant's publication, "1978, Your Retirement System—How It Works" for the proper procedure to obtain disability retirement benefits, and plaintiff followed the procedures established by defendant, requested a disability retirement form, filled out the forms provided as directed, and properly relied upon assertions by the employer's payroll and benefits manager that he had done all that was necessary.

APPEAL by respondent from *Bailey, Judge.* Judgment entered 19 September 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 7 May 1981.

Dr. William T. Fike, Jr., the Petitioner-Appellee in this case, has been employed at North Carolina State University for 20 years and is a Professor of Crop Science with a Ph.D. in that field. His wife, Rosemary A. Fike, was also an employee of North Carolina State University and was a contributing member of the Teachers' and State Employees' Retirement System with more than five years of creditable service. In May of 1978, Mrs. Fike suffered a cerebral hemorrhage and went into a coma. On 15 August 1978, Dr. Fike consulted Mrs. Ruth Ellis, Payroll and Benefits Manager at North Carolina State University, concerning retirement options, salary continuation and social security benefits for his wife. At that time, Dr. Fike had recently learned that his wife's illness was terminal. Dr. Fike was himself a member of the Teachers' and State Employees' Retirement System and had read the Retirement System Handbook at least as early as July of 1978. Dr. Fike testified that he signed various documents in Mrs. Ellis' office on 15 August 1978. Both Dr. Fike and Mrs. Ellis believed that Dr. Fike filled out the retirement application as guardian for Mrs. Fike as well as the disability salary continuation form on 15 August 1978.

Mrs. Ellis testified that she thought the form for retirement disability was supposed to be filed at a later time, and for this reason she did not send in that application on 15 August. She also

testified that she could have called the Retirement System and asked when the form should be filed, but did not.

Not receiving any correspondence or payment by 29 September 1978, Dr. Fike called Mrs. Ellis and was advised to call Mr. David Moore of the central office of the Retirement System. Mr. Moore informed him that a disability retirement application had not been received on Mrs. Rosemary Fike. Mr. Moore then informed Mrs. Ellis that the application should be filed immediately. Mrs. Ellis could not find the original form and therefore had Dr. Fike sign another application on that day. This application was received by the Retirement System's Raleigh Office on 2 October 1978. Mrs. Fike died on 13 October 1978.

The Board of Trustees for the Teachers' and State Employees' Retirement System found that since the application for retirement was filed with the Retirement System on 2 October, and the System was in no way responsible for any delay in the filing of the application, the earliest possible effective date for Mrs. Fike's retirement was 1 November. Mrs. Fike therefore was never retired and Dr. Fike was not entitled to a monthly benefit from the Teachers' and State Employees' Retirement System. Upon Dr. Fike's petition to Superior Court for review, the trial court found that the decision of the Board was affected by errors of law and was unsupported by substantial evidence and reversed its decision. From the order deeming Mrs. Fike's application to be approved effective 1 October 1978 and ordering the Board to pay by lump sum the accrued and unpaid benefits to Dr. Fike, the Board appeals.

*Attorney General Edmisten, by Assistant Attorney General Norma S. Harrell, for the respondent, Board of Trustees, Teachers' and State Employees' Retirement System.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by John N. Fountain, for petitioner-appellee.*

ARNOLD, Judge.

The dispositive issue of this appeal is whether the Retirement System may be estopped from denying Dr. Fike disability retirement benefits. Petitioner contends that Mrs. Ellis, as the retirement representative at North Carolina State University,

had apparent authority to accept the application on behalf of the Retirement System and therefore respondent should be estopped from denying that the application was filed on 15 August 1978 and approved effective 1 October 1978.

The essential elements of equitable estoppel were defined by the Supreme Court in *Hawkins v. Finance Corp.*, 238 N.C. 174, 77 S.E. 2d 669 (1953):

> [T]he essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially. 238 N.C. at 177-178, 77 S.E. 2d at 672.

*Meachan v. Montgomery County Board of Education*, 47 N.C. App. 271, 277-78, 267 S.E. 2d 349, 353 (1980).

More specifically, the law of estoppel as applied to agency is as follows:

> Where a person by words or conduct represents or permits it to be represented that another person is his agent, he will be estopped to deny the agency as against third persons who have dealt, on the faith of such representation, with the person so held out as agent, even if no agency existed in fact.

*Daniel Boone Complex, Inc. v. Furst*, 43 N.C. App. 95, 107, 258 S.E. 2d 379, 388 (1979); *disc. rev. denied*, 299 N.C. 120, 261 S.E. 2d 923 (1980).

Applying these principles to the present case, we conclude that the Superior Court did not err in ruling that the Board of

Trustees' decision denying Dr. Fike disability retirement benefits must be reversed. The Retirement System, through the representations made to Dr. Fike in its publication, "1978, Your Retirement System—How It Works" represented to Dr. Fike that the retiree's personnel officer would provide the proper forms, advise on the proper execution of the various forms and furnish any assistance necessary. It twice states that the completed application must be returned to the employer. It does not suggest filing the application directly with the Retirement System, but to the contrary, requires that the employer complete a portion of the application prior to forwarding it to the Retirement System. Mrs. Ellis testified that she thought she had Dr. Fike execute a disability retirement application on 15 August and that she erroneously thought that it could not be filed until the salary continuation form had been processed. She further testified that she could have called someone with the Retirement System and asked when the retirement application should be forwarded. By her words and conduct on 15 August she represented to Dr. Fike that he had done everything that was necessary, and that all was in order.

It is apparent therefore that Dr. Fike followed the procedures established by the Board, requested a disability retirement form, filled out the forms provided as directed and relied upon Mrs. Ellis' assertions that he had done all that was necessary. Although respondent contends that Dr. Fike had the means of knowledge of the true facts, we do not agree that he was required to make extensive inquiry for himself after being advised that he had done all that he need do.

While it is doubtful that the Retirement System had sufficient control over Mrs. Ellis, or her employer, for her to be its actual agent, we find that the evidence of representations to the contrary is sufficient to estop the Retirement System from denying the agency as to Dr. Fike, who dealt with Mrs. Ellis in reliance on its representations to his detriment.

Respondent is correct in its assertion that a governmental agency is not subject to an estoppel to the same extent as a private individual or a private corporation. *See Henderson v. Gill*, 229 N.C. 313, 49 S.E. 2d 754 (1948). As recognized in the recent opinion of *Meachan v. Montgomery County Board of Education*,

47 N.C. App. at 279, 267 S.E. 2d at 354, however, "an estoppel may arise against a [governmental entity] out of a transaction in which it acted in a governmental capacity, if an estoppel is necessary to prevent loss to another, and if such estoppel will not impair the exercise of the governmental powers of the [entity]." *Washington v. McLawhorn,* 237 N.C. 449, 75 S.E. 2d 402 (1953). We find that application of principles of estoppel in the present case would not impair the exercise of respondent's governmental powers.

Affirmed.

Judges VAUGHN and BECTON concur.