851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sandra W. CASE, Plaintiff-Appellant,
v.
HOLIDAY INNS, INC., Defendant-Appellee,
M.B.G. Enterprise, Inc., Defendant.
 No. 87-3164.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 4, 1988.
Decided: July 5, 1988.
 
 Tyrus V. Dahl, Jr. (Allan R. Gitter, Womble Carlyle Sandridge & Rice, on brief), for appellant.
 Robert G. McClure, Jr. (Robert G. McClure, Jr., P.A., on brief), for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff Sandra Case appeals the district court's grant of summary judgment in favor of defendant Holiday Inns, Inc. The district court held that under North Carolina law Holiday Inn was not liable for personal injuries suffered by plaintiff as a result of the criminal acts committed by a third person upon property controlled by a franchisee because no agency relationship existed. We affirm.
 
 I.
 
 2
 Case, a pilot for General Motors Corporation, flew a company airplane into Asheville, North Carolina, on January 5, 1983. The company had made reservations for her for the night at a local Holiday Inn. Sometime during the night, she was rendered unconscious by an intruder and robbed. She sustained no permanent physical injuries, but underwent psychological counseling at the company's request for a number of months during which time she was unable to fly. Case eventually returned to flying and is now a pilot-captain for Piedmont Airlines.
 
 
 3
 Case originally filed suit pursuant to diversity jurisdiction in December of 1985 against Holiday Inns in the United States District Court in Michigan. A second defendant, M.B.G. Enterprises,[1] was dismissed due to lack of personal jurisdiction. The case was transferred to the Western District of North Carolina in January of 1987. Holiday Inn thereafter filed a motion for summary judgment and a hearing was held on August 17, 1987. At the hearing, the district court limited its consideration to whether there was sufficient evidence of control by the franchisor (Holiday Inn) over the franchisee (M.B.G.) that would constitute an agency relationship and warrant suit against Holiday Inn for its franchisee's alleged negligence. The district court granted summary judgment on the grounds that the North Carolina courts would not find agency under the facts of this case. Case filed a supplemental memorandum and made a motion for reconsideration which the district court denied. This appeal followed.
 
 II.
 
 4
 Summary judgment is appropriate whenever the pleadings, affidavits, and other materials show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Case argues that the materials submitted to the district court presented genuine issues of fact concerning actual control by appellee, equitable estoppel and apparent agency which preclude summary judgment for appellee. We disagree.
 
 
 5
 Principles of agency, control, and estoppel in the franchise context have been discussed by the North Carolina Court of Appeals in Hayman v. Ramada Inn, Inc., 86 N.C.App. 274, 357 S.E.2d 394 (1987). The North Carolina Court of Appeals addressed therein similar contentions of agency in a factual context virtually identical to the instant appeal.[2] The North Carolina court concluded that the defendant franchisor could not be held jointly responsible with the franchisee because the franchisor did not have actual authority and control over day-to-day operation nor did it hold itself out as having apparent authority and control such that it was equitably estopped from denying responsibility for a guest's injuries. Applying the facts of this case to the principles set forth in Hayman, we find no control or actual agency existed between appellee and its franchisee which would allow Case to recover damages for negligence by the franchisee. The record demonstrates that Holiday Inn did not exercise detailed control over the franchisee's daily operations. Specifically, the license agreement and the standards manual did not give Holiday Inn any power to (1) control current business expenditures, (2) fix customer rates, (3) hire or fire employees, (4) determine employee wages or working conditions, (5) set standards for employee scales or productivity, (6) supervise employee work routine, or (7) discipline employees. In addition, neither the license agreement nor the standards manual make any specific provisions with regard to security of the premises.
 
 
 6
 We likewise see no material question of apparent agency in this case. Our recent case of Crinkley v. Holiday Inns, 844 F.2d 156 (4th Cir.1988), sheds light on this issue. Applying North Carolina law we recognized that "[a]lthough no actual agency exists, a party may be held to be the agent of another on the basis that he has been held out by the other to be so in a way that reasonably induces reliance on the appearances." 844 F.2d at 166. However, in establishing liability based on apparent agency, a North Carolina plaintiff must show that (1) the alleged principal has represented or permitted it to be represented that the party dealing directly with the plaintiff is its agent, and (2) the plaintiff in reliance on such representation, has dealt with the supposed agent. Fike v. Board of Trustees, 279 S.E.2d 910 (N.C.App.1981).
 
 
 7
 Unlike the plaintiff in Crinkley,[3] Case has failed to satisfy the reliance prong of the test. It is undisputed that the airlines, not Case, made the decision to stay at the Holiday Inn. There is not the slightest evidence that Case would have refused to stay at the Inn had she known it was not owned and operated by Holiday Inn. Although Case testified in her deposition that she was offered an opportunity to spend the night elsewhere, her decision to return to the hotel does not indicate reliance on any particular characteristic of the Holiday Inn. At most, it shows an unwillingness to change plans. Inertia is not reliance. We therefore agree with the district court that plaintiff's proffered evidence did not create a material question of apparent agency under North Carolina law.
 
 III.
 
 8
 Accordingly, for the reasons stated above, we affirm the grant of summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 M.B.G. was a licensee of Holiday Inns and the operator of the hotel in Asheville
 
 
 [2]
 In Hayman, the plaintiff sought to recover damages for personal injuries when she was assaulted on hotel premises. The plaintiff was an airline employee who was staying at the hotel pursuant to reservations made by her employer. As in the present case, the plaintiff sought to recover from the franchisor on the grounds that the franchisee acted as the agent of the franchisor
 
 
 [3]
 The plaintiffs in Crinkley deliberately chose Holiday Inn because they thought it was a good place to stay. Moreover, they did not know the difference between a franchise Inn and a company-owned Inn. The only sign which had alluded to the franchise was in the restaurant which the Crinkleys had no occasion to enter before they checked in. In the instant case, a sign stating the franchise relationship was clearly located at the registration desk