DONALD LEE DEAL, JR., Plaintiff v. NORTH CAROLINA STATE UNIVERSITY, Defendant

No. 9310IC534

(Filed 3 May 1994)

**Estoppel § 20 (NCI4th); Principal and Agent § 50 (NCI4th) — measles vaccination administered by County Health Department — clinic set up on university campus — no reliance on university for health care — no agency by estoppel**

The Industrial Commission properly declined to apply the doctrine of apparent agency, or agency by estoppel, in this action where plaintiff, a student at NCSU, sought to recover for injuries he sustained after being administered a measles vaccine by a temporary nurse at a clinic set up on campus by the Wake County Health Department since it is essential that the person asserting the estoppel shows that he or she acted in reliance on the conduct of the person against whom estoppel is asserted, and in this case all indications were that plaintiff received his vaccination from the nurse because Wake County Health Services chose to set up a clinic at NCSU, not because NCSU represented that the nurse who administered the shot was its agent or because plaintiff relied on NCSU for medical expertise.

**Am Jur 2d, Agency §§ 359-371; Estoppel and Waiver §§ 26-113.**

Appeal by plaintiff from decision and order of the North Carolina Industrial Commission filed 11 January 1993. Heard in the Court of Appeals 3 March 1994.

DEAL v. N.C. STATE UNIVERSITY

[114 N.C. App. 643 (1994)]

In January 1988, a health emergency was declared on the North Carolina State University (NCSU) campus due to an outbreak of measles. Wake County Public Health Services ordered NCSU to determine which students were not immunized against measles and to either (1) exclude those students from classes and campus or (2) to see that those students receive vaccinations and produce proof of vaccination. The Wake County Health Department implemented a plan to vaccinate students with vaccine provided by the State Health Division. NCSU was expected to assist by setting up clinics to administer vaccinations. The clinics were organized by a nurse from the Wake County Health Department. They were staffed by employees from Wake County Health Department and NCSU and by temporary nurses provided by local temporary agencies.

NCSU mailed notices to all students who did not have proof of vaccination on file at NCSU. Plaintiff received one of the notices and went to the campus infirmary for his vaccination. He was directed by an infirmary staff member to a clinic. Upon arriving, plaintiff received a written information sheet which contained a warning not to receive the vaccine if he was suffering from an illness more serious than a cold. Plaintiff told one of the temporary nurses that he had been ill with the flu for the previous five days, but she nonetheless administered the vaccination. After his vaccination, plaintiff was directed to stand in a line to receive a verification of vaccination, and while in this line he fainted and fell, breaking his leg.

Plaintiff initiated this action against NCSU under the Tort Claims Act, alleging that the temporary nurse (the nurse) was NCSU's agent and that her negligence in administering the inoculation was imputed to NCSU. NCSU moved for summary judgment on the ground that the nurse was not an agent or employee, and therefore, plaintiff had no claim against NCSU. The Industrial Commission granted summary judgment on this ground and entered an order dismissing plaintiff's claim. From this order plaintiff appeals.

*William E. Brewer for plaintiff appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Robin Michael, for defendant appellee.*

**DEAL v. N.C. STATE UNIVERSITY**

[114 N.C. App. 643 (1994)]

ARNOLD, Chief Judge.

Plaintiff concedes that the nurse was not NCSU's actual agent or employee, but he argues that NCSU is liable for her negligence under the doctrine of apparent agency. Apparent agency, also known as agency by estoppel, is a form of equitable estoppel, *see Fike v. Board of Trustees, Teachers' and State Employees' Retirement System*, 53 N.C. App. 78, 279 S.E.2d 910, *disc. review denied*, 304 N.C. 194, 285 S.E.2d 98 (1981), and, that being the case, we are guided by the principles and policies governing equitable estoppel in determining if the doctrine of apparent agency must be applied in this case. The Industrial Commission properly declined to apply the doctrine in this case.

Equitable estoppel arises when one party, by his acts, representations, or silence when he should speak, intentionally, or through culpable negligence, induces a person to believe certain facts exist, and that person reasonably relies on and acts on those beliefs to his detriment. *Long v. Trantham*, 226 N.C. 510, 513, 39 S.E.2d 384, 387 (1946). This doctrine rests on principles of equity and is designed to aid law in the administration of justice when without its aid injustice would result. It is based on the theory that "it would be against principles of equity and good conscience to permit a party against whom estoppel is asserted to avail himself of what . . . otherwise [might] be his undisputed legal rights." *Redevelopment Comm'n v. Hannaford*, 29 N.C. App. 1, 3, 222 S.E.2d 752, 754 (1976). It is essential that the person asserting the estoppel shows that he or she acted in reliance on the conduct of the person against whom estoppel is asserted, not merely that he or she was aware of certain facts which in retrospect might support the assertion of estoppel.

When estoppel is applied in the agency setting, the rule provides as follows:

> Where a person by words or conduct represents or permits it to be represented that another person is his agent, he will be estopped to deny the agency as against third persons who have dealt, on the faith of such representation, with the person so held out as agent, even if no agency existed in fact.

*Hayman v. Ramada Inn, Inc.*, 86 N.C. App. 274, 278, 357 S.E.2d 394, 397, *disc. review denied*, 320 N.C. 631, 360 S.E.2d 87 (1987). Although the language is tailored to the agency setting, the essen-

tial elements of equitable estoppel are present, and reliance on defendant's representations is no less important in the agency setting than in the traditional applications of equitable estoppel. The reliance element is where we find plaintiff's claim lacking.

In prior cases where agency by estoppel, or apparent agency, was asserted, inevitably the question of whether or not the plaintiff was led to act in reliance on the defendant's representation was critical in the Court's decision to apply the doctrine or not. In *Fike*, 53 N.C. App. 78, 279 S.E.2d 910, the plaintiff successfully asserted agency by estoppel to prevent the Retirement System from denying retirement benefits. In that case the plaintiff followed the defendant Retirement System's published guidelines in submitting his claim for benefits to his employer, but the employer failed to submit plaintiff's application in time. The Retirement System denied the application. The Court found that although the plaintiff's employer was not the Retirement System's actual agent, evidence of representations by the Retirement System was sufficient to create an agency by estoppel and that the plaintiff justifiably relied on those representations to his detriment. In *Fike* the Retirement System was the sole entity to which plaintiff could resort for retirement benefits, and he sought to deal with the Retirement System specifically. Plaintiff dealt with his employer only because of his reliance on the Retirement System's representations that his employer was a Retirement System agent. In that case it would have been unjust to allow the Retirement System to deny benefits when it led the plaintiff to believe he was dealing with its agent when plaintiff specifically sought to deal with the Retirement System.

The reliance element was the pivotal distinguishing factor in two cases which were otherwise virtually identical on their facts. In *Hayman*, 86 N.C. App. 274, 357 S.E.2d 394, the plaintiff asserted apparent agency in order to hold defendant Ramada Inn, Inc. liable for a franchisee's negligence. The plaintiff in *Hayman*, a flight attendant trainee, was placed in the Ramada Inn by Piedmont Airlines. While at the hotel plaintiff was assaulted, and she sued Ramada Inn, Inc. for negligently failing to provide adequate security. Ramada Inn, Inc. did not own the hotel; a franchisee did. The franchisee carried the Ramada Inn name and in all respects appeared to be owned by Ramada Inn, Inc. Nonetheless, this Court held that Ramada Inn, Inc. was not liable on the basis of apparent agency because the plaintiff did not choose the particular hotel in reliance on representations that the hotel was owned by Ramada

**DEAL v. N.C. STATE UNIVERSITY**

[114 N.C. App. 643 (1994)]

Inn, Inc. In other words, the plaintiff did not choose the hotel because of the "Ramada Inn" name.

Conversely, in *Crinckley v. Holiday Inns, Inc.*, 844 F.2d 156 (4th Cir. 1988), the court held that Holiday Inns, Inc. was liable for a franchisee's negligence on the basis of apparent agency. The facts were similar to *Hayman* in that the plaintiffs stayed at a privately owned Holiday Inn franchise and were assaulted during their stay. The evidence in this case, however, showed that the plaintiffs specifically wanted to stay at a Holiday Inn, and chose the particular hotel because it was a Holiday Inn. The court distinguished *Hayman* by explaining that the plaintiffs in *Crinckley* relied upon the name "Holiday Inn" in choosing the particular hotel where they stayed.

The common thread in the cases upholding the assertion of apparent agency is the plaintiff's desire to deal with the estopped party for some particular reason and the plaintiff acting because he believed he was dealing with the estopped party's agent. In those cases the policy considerations supporting an estoppel were present. Equity and good conscience demanded the estopped party be held liable for leading a person in the plaintiff's position to act on a faulty assumption. Those considerations are not present here. These facts simply do not support the assertion of apparent agency. NCSU is not in the health care business. All indications are that plaintiff received his vaccination from the nurse because Wake County Health Services chose to set up a clinic at NCSU, not because NCSU represented that the nurse was its agent, or because plaintiff relied on NCSU for medical expertise. Under these facts no injustice results in allowing NCSU to assert its legal defense that the nurse was not an agent. The Industrial Commission's order is affirmed.

Affirmed.

Judges COZORT and LEWIS concur.