WIEBENSON v. BD. OF TRUSTEES, STATE EMPLOYEES' RET. SYS.

[123 N.C. App. 246 (1996)]

MOLLY WIEBENSON, Petitioner, v. BOARD OF TRUSTEES, TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent

No. COA95-1070

(Filed 16 July 1996)

**1. Public Officers and Employees § 42 (NCI4th)— six-month worker—no state employee**

Pursuant to the plain language of N.C.G.S. § 135-1(10), petitioner who shared a position and worked only six months out of the year was not a State "employee," since the statute clearly provides that a person must work at least nine months per year to be an employee and be eligible to participate in the Retirement System.

**Am Jur 2d, Civil Service §§ 13 et seq.**

**Vested right of pensioner to pension. 52 ALR2d 437.**

**2. Retirement § 6 (NCI4th)— agency director's representations to employee—ratification by Retirement System— estoppel to deny benefits**

The State was estopped from denying petitioner's retirement coverage for the contested period where the director of her agency represented that he had cleared her job sharing arrangement with DHR; he explicitly stated that petitioner would continue to be a participating member of the Retirement System; by his statements the director purported to be the Retirement System's agent; petitioner reasonably relied on his representations; and the Retirement System ratified the director's representations and statements to petitioner by continuing to send petitioner yearly statements indicating that petitioner was still a participating member of the Retirement System.

**Am Jur 2d, Estoppel §§ 35-38; Pensions and Retirement Funds §§ 1711-1737.**

**Comment Note.—Quantum or degree of evidence necessary to prove an equitable estoppel. 4 ALR3d 361.**

Appeal by petitioner from judgment entered 7 June 1995 by Judge Dennis J. Winner in Buncombe County Superior Court. Heard in the Court of Appeals 21 May 1996.

Molly Wiebenson (hereinafter petitioner) worked full-time as a rehabilitation therapist for the Alcoholic Rehabilitation Center (hereinafter ARC) in Black Mountain, North Carolina from October 1971 until May 1984. During this time, petitioner was a member of the Teachers' and State Employees' Retirement System (hereinafter Retirement System). In 1981, the General Assembly enacted a work options program for state employees which was designed to improve "employee morale and productivity" by providing options for flexible work hours, job sharing, and permanent part-time positions. G.S. 126-75.

In 1984, petitioner and another rehabilitation therapist at the Black Mountain ARC, Evelyn Brank, approached Millard P. Hall, Jr., the Director of the ARC, to inquire about their sharing one position, each working six months out of the year. Petitioner and Ms. Brank sought assurances that their retirement eligibility with the State would not be jeopardized by participating in the job sharing program. Mr. Hall sent them a memorandum in which he stated that he had "pursued this with the DHR Personnel" and that it would be possible for petitioner and Ms. Brank to share one position. Mr. Hall further stated that:

> During the six months each of you work per year your Retirement, Insurance and other deductions you may have will be processed through the normal channels of deductions of payroll. During the months you are on leave you will be able to pay to the system your portion of these benefits and be maintained within the Retirement Insurance and other benefit packages you are currently enrolled in.

Thereafter, petitioner and Ms. Brank decided to pursue the job sharing option and from 31 May 1984 through 19 January 1992, petitioner worked six months out of the year at the ARC. The Retirement System continued to provide petitioner with annual statements, showing that petitioner was accumulating retirement credit each year from 1984 through 1990. In late 1991, petitioner began making inquiries to the Retirement System in preparation for retirement. In a 15 November 1991 letter, J. Marshall Barnes, III, Deputy Director of the Department of State Treasurer, informed petitioner that the job sharing arrangement did not allow employees to participate in the Retirement System and therefore petitioner had not been a member of the system since May 1984. Mr. Barnes' letter informed petitioner that the Retirement System would refund all retirement contributions

plus interest that petitioner had made during the time she partici-
pated in the job sharing program.

Petitioner petitioned the Office of Administrative Hearings for
a contested case hearing. After a hearing, an Administrative Law
Judge entered his recommended decision on 26 May 1994, conclud-
ing that petitioner was not an "employee" within the meaning of G.S.
135-1(10) during the years that she participated in the job sharing pro-
gram because the statute requires a minimum of nine months of
employment per year. On 11 August 1994, State Treasurer Harlan E.
Boyles entered a final agency decision adopting the recommended
decision. Superior Court Judge Dennis J. Winner upheld the recom-
mended decision on 7 June 1995.

Petitioner appeals.

*Thomas D. Roberts for petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney
General Robert M. Curran, for respondent-appellee.*

EAGLES, Judge.

I.

[1] Petitioner first argues that the superior court erred in concluding
that petitioner was not a State "employee" within the meaning of G.S.
135-1(10). All State "employees" are members of the Teachers' and
State Employees' Retirement System. G.S. 135-3(1). G.S. 135-1(10)
provides in pertinent part:

"Employee" shall mean all full-time employees, agents or officers
of the State of North Carolina or any of its departments, bureaus
and institutions other than educational, whether such employees
are elected, appointed or employed. . . . Employees of State
agencies, departments, institutions, boards, and commissions
who are employed in permanent job positions on a recurring
basis and who work 30 or more hours per week for nine or more
months per calendar year are covered by the provisions of this
subdivision.

Petitioner argues that the nine month provision only applies to teach-
ers or other State employees "working a teacher's schedule." We dis-
agree. The language of the statute clearly provides that a person must
work at least nine months per year to be an "employee" and be eligi-
ble to participate in the Retirement System. Petitioner only worked

six months out of the year during the last seven and one-half years of her employment at the ARC. Pursuant to the plain language of the statute, petitioner was not an "employee."

## II.

[2] Petitioner next argues that the State should be estopped from denying petitioner's retirement coverage for the contested period based on her Director's representations and her detrimental reliance on his representations. Petitioner relies on *Fike v. Bd. of Trustees*, 53 N.C. App. 78, 279 S.E.2d 910, *disc. review denied*, 304 N.C. 194, 285 S.E.2d 98 (1981), where this Court held that the State was estopped from denying Mr. Fike's claim for retirement benefits. Mr. Fike and his wife were both employees of North Carolina State University. After Mr. Fike learned that his wife was terminally ill, he consulted Mrs. Ruth Ellis, the Payroll and Benefits Manager employed by North Carolina State University, "concerning retirement options, salary continuation and social security benefits for his wife." *Fike*, 53 N.C. App. at 78, 279 S.E.2d at 911. Mr. Fike filled out various forms in Mrs. Ellis's office on 15 August 1978, but Mrs. Ellis failed to file the retirement disability application. *Id.* After not receiving any payment by 29 September 1978, Mr. Fike discovered that the Retirement System had not received a disability retirement application for his wife. *Id.* at 79, 279 S.E.2d at 911. Mrs. Ellis was advised to immediately file the application. The Retirement System received the application on 2 October 1978 which meant that the earliest possible effective date for Mrs. Fike's retirement was 1 November 1978. *Id.* at 79, 279 S.E.2d at 912. Mrs. Fike died on 13 October 1978. *Id.* The Board of Trustees for the Retirement System found that Mrs. Fike was never retired and was not entitled to a monthly benefit from the Retirement System because she died before the effective date of her retirement. Mr. Fike appealed the Retirement System's decision, contending that Mrs. Ellis was the Retirement System's agent and therefore the Retirement System was estopped from denying Mr. Fike retirement benefits.

In *Fike*, we stated that it was doubtful that the Retirement System had sufficient control over Mrs. Ellis or the University for Mrs. Ellis to be the Retirement System's actual agent. *Id.* at 81, 279 S.E.2d at 913. However, the Retirement System Handbook, which Mr. Fike had read, provided that a retiree was to return the completed application to the retiree's personnel officer and was not to return the application directly to the Retirement System. *Fike*, 53 N.C. App. at 81, 279 S.E.2d at 913. Because Mr. Fike had followed the procedures established by

the Board and had "relied on Mrs. Ellis' assertions that he had done all that was necessary," we held that the Retirement System was estopped from denying Mr. Fike retirement benefits. *Id.*

*Fike* is arguably distinguishable from petitioner's case. Here, petitioner has failed to show that she relied on any Retirement System publication which directed her to rely on her Director's representations. Nevertheless, we conclude that the doctrine of ratification applies here to bind the Retirement System:

> It is elementary that when one, with no authority whatever, or in excess of the limited authority given him, makes a contract as agent for another, or purporting to do so as such agent, the supposed principal, upon discovery of the facts, may ratify the contract, in which event it will be given the same effect as if the agent, or purported agent, had actually been authorized by the principal to make the contract prior to the making thereof.

*Patterson v. Lynch, Inc.*, 266 N.C. 489, 492, 146 S.E.2d 390, 393 (1966). Here, petitioner's supervising ARC director indicated to her in his memo that he had discussed the possibility of petitioner and Ms. Brank sharing one position with the Department of Human Resources and that DHR had approved the job-sharing option. Petitioner's director also explicitly stated to petitioner in his memo that petitioner would continue to be a participating member of the Retirement System. We conclude that the ARC director, by his statements, purported to be the Retirement System's agent and that petitioner reasonably relied on his representations. The record includes copies of yearly statements that the Retirement System provided to petitioner for each year from 1985 through 1990 which indicated that she was continuing to accumulate retirement credit in the Retirement System. We conclude that the Retirement System ratified the director's representations and statements to petitioner by continuing to accept her contributions to the Retirement System and by continuing to send petitioner yearly statements indicating that petitioner was still a participating member of the Retirement System. Accordingly, we also conclude that the Retirement System may not now assert that petitioner is not entitled to retirement credit for the years that she participated in the job-sharing program.

Reversed and remanded.

Judges WYNN and SMITH concur.