WALTER HATCHER, JR., PLAINTIFF v. FLOCKHART FOODS, INC., DEFENDANT

No. COA02-1400

(Filed 16 December 2003)

**Estoppel— statute of limitations—insurer concealing responsible party**

A motion for summary judgment by a slip and fall defendant should have been denied because plaintiff's claim of equitable estoppel established a defense against the statute of limitations. Plaintiff sought to deal directly with the party responsible for the store in which he was injured (a Piggly Wiggly), the company which insured both Piggly Wiggly and the company to which the store was leased (Flockhart) responded on behalf of Piggly Wiggly, and settlement discussions continued for sixteen months. The insurer concealed the responsible party by its conduct, and plaintiff justifiably relied on that conduct to its detriment. An injustice would result from holding that these facts do not present an exception to the general rule that insurers do not act as agents for the insured when settling claims.

Appeal by plaintiff from an order entered 12 April 2002 by Judge Benjamin G. Alford in Duplin County Superior Court. Heard in the Court of Appeals 20 August 2003.

HATCHER v. FLOCKHART FOODS, INC.

[161 N.C. App. 706 (2003)]

*Thompson & Mikitka, P.C., by E. C. Thompson, III and Susan Collins Mikitka, for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Christopher M. Hinnant, for defendant-appellee.*

HUNTER, Judge.

Walter Hatcher, Jr. ("plaintiff") appeals from a grant of summary judgment in favor of Flockhart Foods, Inc. ("Flockhart") and the subsequent dismissal of his complaint against Flockhart as being barred by the statute of limitations. For the reasons stated herein, we reverse.

On 10 July 1997, plaintiff sustained several injuries when he slipped and fell on a slick substance in a Piggly Wiggly grocery store in Wallace, North Carolina ("the Store"). On 10 February 1999, plaintiff's counsel forwarded correspondence to the corporate office of Piggly Wiggly, Inc. to inform it that he was representing plaintiff in a negligence claim for personal injuries as a result of the fall. Great American Insurance Company, which was later bought by Ohio Casualty Group, was the insurer of Piggly Wiggly, Inc. and received notice of plaintiff's claim on or about 26 April 1999. A representative of the insurer contacted plaintiff by telephone sometime thereafter, acknowledging the correspondence.

Plaintiff's counsel and the insurer's representatives engaged in various communications over a period of approximately sixteen months in an effort to settle the matter. During that time, no representative ever indicated that he or she represented any entity other than Piggly Wiggly, Inc. Plaintiff's counsel never inquired about the lease or ownership status of the Store or who was the responsible party for that property.

Due to the approaching three-year statute of limitations for plaintiff's negligence claim, plaintiff's counsel informed the insurer that he would be filing a complaint. Prior to filing that complaint, plaintiff's counsel checked the corporation's registry at the North Carolina Secretary of State website and discovered that "Piggly Wiggly of Wallace, Inc." was now known as "Wallace Farm Mart, Inc." Thus, plaintiff filed a complaint on 30 June 2000 naming "Wallace Farm Mart, Inc. formerly Piggly Wiggly of Wallace Inc." ("Wallace Farm Mart") as the defendant. A courtesy copy of the complaint was also forwarded to the insurer on that same day, which was approximately ten days before expiration of the statute of limitations.

On 6 September 2000, Wallace Farm Mart filed a motion to dismiss plaintiff's action and an answer that alleged it was not the proper defendant because it had leased the Store to Flockhart. Plaintiff then moved to add Flockhart as a party-defendant. Wallace Farm Mart challenged plaintiff's motion on the ground that the statute of limitations had expired. Nevertheless, plaintiff's motion was allowed, and an amended complaint was filed on 13 December 2000. Afterwards, plaintiff voluntarily dismissed his claim against Wallace Farm Mart.

On 1 February 2001, Flockhart filed a motion to dismiss plaintiff's action on the ground that the statute of limitations had expired prior to the filing of plaintiff's amended complaint. In response, plaintiff filed a motion to amend his amended complaint to particularly plead that Flockhart should be equitably estopped from asserting the statute of limitations as a defense in the matter. In separate orders entered on 14 September 2001, Judge Jerry Braswell allowed plaintiff's motion, but denied Flockhart's motion, in part, because "there was no recorded lease in the office of the Register of Deeds of Duplin County indicating the property was leased by the owner, Wallace Farm Mart, Inc., to lessee Flockhart Foods, Inc."

Flockhart filed an answer to plaintiff's second amended complaint on 8 October 2001, which included an answer to plaintiff's equitable estoppel claim and a renewed request for dismissal of plaintiff's cause of action. When the motion was heard, Flockhart submitted additional materials for the court's consideration, which effectively converted its motion to dismiss into a motion for summary judgment. By order entered on 12 April 2002, Flockhart's motion was allowed by Judge Benjamin G. Alford, and plaintiff's complaint was dismissed. Plaintiff appeals.

Defendant assigns error to the trial court's order granting summary judgment in favor of Flockhart. On an appeal from a grant of summary judgment, an appellate court must determine whether the trial court, after viewing the evidence in the light most favorable to the non-movant, properly concluded that there was no genuine issue of material fact. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). If such a conclusion is made, the moving party is entitled to judgment as a matter of law. *Id.*

In its order, the trial court concluded that "plaintiff's contention of equitable estoppel fail[ed] to establish a defense against the applicable statute of limitations for negligence actions . . . ." As the defend-

ant, Flockhart was vested with the right to rely on the statute of limitations as a defense against plaintiff's stale claim. *See Staley v. Lingerfelt,* 134 N.C. App. 294, 299, 517 S.E.2d 392, 396 (1999). Yet, a defendant "may be equitably estopped from using a statute of limitations as a sword, so as to unjustly benefit from his own conduct which induced a plaintiff to delay filing suit." *Friedland v. Gales,* 131 N.C. App. 802, 806, 509 S.E.2d 793, 796 (1998).

> "[T]he essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts."

*Meachan v. Board of Education,* 47 N.C. App. 271, 277-78, 267 S.E.2d 349, 353 (1980) (citation omitted).

Plaintiff contends that a statute of limitations defense should not be available to Flockhart, the party being estopped, because the insurer acted as an agent of both Wallace Farm Mart and Flockhart thereby imputing its concealment of the proper defendant's identity on Flockhart. We agree.

The law of estoppel as applied to agency is as follows:

> "Where a person by words or conduct represents or permits it to be represented that another person is his agent, he will be estopped to deny the agency as against third persons who have dealt, on the faith of such representation, with the person so held out as agent, even if no agency existed in fact."

*Fike v. Bd. of Trustees,* 53 N.C. App. 78, 80, 279 S.E.2d 910, 912 (1981) (citation omitted). As a general rule, our courts have held that insurers and their agents " 'do not act as agents for the insured when settling claims.' " *Cash v. State Farm Mut. Auto. Ins. Co.,* 137 N.C. App. 192, 204, 528 S.E.2d 372, 379 (2000) (citation omitted). This Court reasoned in *Cash* that

> an insurance company, when settling claims with third party outsiders, is acting in its own interest. "It is a matter of common

knowledge that fair and reasonable settlements can generally be made at much less than the financial burden imposed in litigating claims." Therefore, [our courts] can deduce that settling a . . . claim may cost an insurance company less than actually litigating it, and thus is in the insurer's best interest.

*Id.* at 201, 528 S.E.2d at 377 (citations omitted). However, although this general rule was intended to allow an insurer the freedom to reach a fair and reasonable settlement that is in its best interest, the rule was never intended to allow the·insurer *or the insured* to circumvent liability in the manner presented by the facts in the instant case.

Here, it is undisputed that the insurer insured both Wallace Farm Mart and Flockhart. Yet, when plaintiff's counsel sent his first correspondence to Piggly Wiggly, Inc., the insurer responded on behalf of Piggly Wiggly, Inc. and not on behalf of Flockhart, the lessee of the Store where plaintiff fell. During the subsequent sixteen months in which the insurer and plaintiff attempted to reach a settlement, the insurer never indicated that it represented any party other than Piggly Wiggly, Inc. or that Piggly Wiggly, Inc. was not the responsible party. In fact, in a correspondence the insurer sent plaintiff on 19 July 2000, two weeks after the complaint was filed, the insurer was still referring to its insured as "Piggly Wiggly, Inc." Thus, even if no agency existed in fact, Flockhart's conduct permitted the insurer to act on its behalf thereby imputing the insurer's concealment of the responsible party on Flockhart.

Further, as the party asserting the defense of equitable estoppel, plaintiff must offer evidence of the following: " '(1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially.' " *Meachan,* 47 N.C. App. at 278, 267 S.E.2d at 353 (citation omitted). After viewing the evidence in the light most favorable to plaintiff, we can conclude that plaintiff lacked knowledge that Flockhart was the proper defendant to sue and was unable to discover that knowledge because the lease between Flockhart and Wallace Farm Mart was not recorded in the Register of Deeds office. Plaintiff relied on correspondence between he and the insurer that indicated "Piggly Wiggly, Inc." was the insured. At no point during the sixteen months plaintiff sought to settle the matter did the insurer state that Flockhart was actually the responsible party. Without that knowledge, plaintiff filed a complaint that named Wallace Farm Mart

as the defendant. Plaintiff did not learn Wallace Farm Mart had leased the Store to Flockhart, making Flockhart the proper defendant, until Wallace Farm Mart filed its answer, which was after the limitations period ran out.

Finally, this case is generally analogous to *Fike*, 53 N.C. App. 78, 279 S.E.2d 910, in which a plaintiff successfully asserted agency by estoppel to prevent the defendant Retirement System from denying retirement benefits. In that case, the plaintiff followed the defendant's published guidelines in submitting his claim for benefits to his employer, despite the plaintiff's desire to deal directly with the defendant. The defendant subsequently denied the plaintiff's application because it was not timely submitted by the employer. This Court concluded that although the plaintiff's employer was not the defendant's actual agent, evidence of representations by the defendant that the employer was its agent was sufficient to create an agency by estoppel and that the plaintiff justifiably relied on those representations to his detriment. The Court reasoned that it would have been unjust to allow the defendant to deny benefits when it led the plaintiff to believe he was dealing with its agent when the plaintiff specifically sought to deal with the defendant.

Like the plaintiff in *Fike*, plaintiff in the case *sub judice* sought to deal directly with the party (i.e. the party's insurance company) responsible for the Store in which he received his injuries when he sent the initial correspondence to Piggly Wiggly, Inc. The insurer responded to plaintiff on behalf of Piggly Wiggly, Inc. and not on behalf of Flockhart, the entity that was actually the responsible party and also insured by the insurer. Thereafter, plaintiff engaged in sixteen months of settlement discussions with the insurer during which time the insurer, by its conduct, concealed that Flockhart was the responsible party, as well as represented that the responsible party was Piggly Wiggly, Inc. Ultimately, the action plaintiff initiated against "Wallace Farm Mart, Inc. formerly Piggly Wiggly of Wallace Inc." was dismissed by the trial court because plaintiff had failed to name Flockhart as the proper defendant prior to the applicable statute of limitations running out. Thus, since plaintiff justifiably relied on the insurer's conduct to his detriment, these facts are sufficient to create an agency by estoppel.

In conclusion, the doctrine of equitable estoppel "rests on principles of equity and is designed to aid law in the administration of justice when without its aid injustice would result." *Deal v. N.C. State University*, 114 N.C. App. 643, 645, 442 S.E.2d 360, 362 (1994). If we

were to hold that the facts in this case did not present an exception to the general rule that insurers do not act as agents for the insured when settling claims, such an injustice would result. Accordingly, the trial court should have denied Flockhart's motion for summary judgment because plaintiff's contention of equitable estoppel established a defense against the applicable statute of limitations.

Reversed.

Judges TIMMONS-GOODSON and ELMORE concur.